## JAMES A BANISTER COMPANY, PROSECUTOR, v. HYMAN KRIGER.

Argued November 6, 1912—Decided February 24, 1913.

1. An employe earning $8.50 per week lost the first phalange of the index finger. *Held*, that he was entitled under the Workmen's Compensation act to $5 per week for thirty-five weeks, besides the cost of reasonable medical and hospital services and medicines for two weeks.
2. In commuting the periodical payments under the Workmen's Compensation act to a lump sum, it is erroneous to multiply the weekly minimum by the prescribed number of weeks; a deduction must be made sufficient to reduce the lump sum to the present value of the periodical payments.

On *certiorari* to Essex Pleas.

For the prosecutor, *Kinsley Twining.*

For the defendant in *certiorari, Charles Elin.*

The opinion of the court was delivered by

SWAYZE, J. Kriger claimed compensation for the loss of the first phalange of the index finger. His wages were $8.50 a week. The judge awarded him at the rate of $5 a week for thirty-five weeks, under section 11c of the act of 1911. *Pamph. L., p.* 137. This can be sustained only in case the provision of section 11 (a) for a minimum compensation of $5 per week is applicable. If it is, the compensation is the same in this case for the loss of a phalange as for the loss of a finger. The prosecutor claims that this conflicts with the clause providing that the loss of the first phalange of any finger shall be considered to be equal to the loss of one-half of the finger, and the compensation shall be one-half the amount specified for a finger. The claimant relies on the clause at the end of the section providing that the amounts specified in section 11 (c) are all subject to the same limita-

tions as to maximum and minimum as are stated in clause (a).

This recital of the material provisions of the act indicates that all the amounts are subject to the provision of a minimum. The use of the word "all" certainly included the amount previously fixed for the loss of a phalange. It is said, however, that both provisions can be given effect by holding that the minimum is $5 per week, and that the number of weeks shall in the case of loss of the phalange be only half the number in the case of the loss of a finger. The difficulty with this contention is that it is the *amount* not the time that the statute says shall be divided by two. We think the construction of the judge was correct.

The next objection is that section 13 of the statute does not allow any compensation for the first two weeks after the injury except reasonable medical and hospital services and medicines not to exceed $100 in value. The prosecutor seems to contend that the effect is to reduce the compensation from an allowance for thirty-five weeks to an allowance for thirty-three weeks. This is not the language of the statute and we think is not the intent of section 13. It is more probable that the intent of that section was to exclude allowance for compensation in the case of a temporary disability lasting less than two weeks, except for medical and hospital services and medicines. If it was meant to reduce the allowance for permanent injuries by two weeks in each case, the language was singularly inapt. Medical attendance would hardly be necessary except temporarily, while the periods of time fixed in section 11 (b) and (c) seem to have been meant as a gauge of the extent of the compensation for injuries permanent in quality. Since those injuries might require medical attendance, section 14 expressly required it and is applicable to all cases.

The trial judge erred, however, in commuting the periodical payments to a lump sum. He simply multiplied the weekly minimum by the number of weeks and made the necessary credits. This is not a commutation but an allowance of compensation in excess of that fixed by the act; a present pay-

ment of the whole amount exceeds in value a weekly payment to be made in future installments; a deduction should have been made sufficient to make the lump sum equal to the present value of the periodical payments.

By section 20, our right to review is limited to questions of law; under section 21 the award is subject to review within one year, evidently by the tribunal that originally fixed the compensation. We ought therefore to reverse the judgment and remit the record for further proceedings in accordance with this opinion. No costs should be allowed.