RACHEL M. BAILEY, APPELLEE, v. UNITED STATES FIDELITY & GUARANTY COMPANY ET AL., APPELLANTS.

FILED DECEMBER 3, 1915. No. 19272.

1. **Master and Servant:** INJURY TO SERVANT: COMPENSATION ACT: PAYMENT IN LUMP SUM. Under section 3681, Rev. St. 1913, of the workmen's compensation act, after the amount of compensation payable has been fixed either by agreement or by the decision of a court, the parties may agree for the payment of a lump sum in lieu of the periodical payments. There is no provision in the statutes allowing either party to compel the employer to pay, or the workman or dependent to receive, a lump sum satisfaction.

2. ————: ————: AGREEMENT AS TO COMPENSATION: SURETY. If an employer and the party to whom payment is to be made make a reasonable agreement in good faith for the payment of a lump sum not inconsistent with the amount of the periodical payments previously determined, the agreement will bind an insurance company, which has assumed a risk under section 3688, Rev. St. 1913, equally with the employer. It has no greater rights than he has, and cannot block a settlement by objecting to payment in a lump sum merely because it was not consulted.

3. ————: ————: COMPENSATION: COMMUTATION. Commutation is a departure from the normal method of payment, and is to be allowed only when it clearly appears that the condition of the beneficiaries warrants such departure.

4. ———: ———: AGREEMENT AS TO COMPENSATION. There is no requirement in the section of the statute which applies to residents of this country that six months must elapse before an agreement for a lump sum payment may be made, or the consent of the district court be procured to such an agreement.

5. ———: ———: COMPENSATION: - COMPUTATION. A lump sum settlement made by taking the present value of the periodical payments computed at 5 per cent. simple interest is not erroneous.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Affirmed.*

*Strode & Beahtol* and *Burkett, Wilson & Brown,* for appellants.

*B. F. Good, A. W. Richardson* and *A. M. Bunting,* contra.

LETTON, J.

The husband of plaintiff was accidentally killed while in the employment of defendant Apperson, and under the provisions of the workmen's compensation act she became entitled to receive from him the sum of $10 a week for 350 weeks. Apperson held a policy with the defendant United States Fidelity & Guaranty Company to cover the risk. Each of the defendants admits liability to make these payments. The controversy arises over whether the plaintiff can, as she asks in her petition, compel the insurance company to commute the amounts due so that she may recover a lump sum instead of the weekly payments provided for by the act. The court found for the plaintiff, and judgment was rendered in a lump sum for $2,968.62. Defendants have appealed. The insurance company insists that the court erred in assuming jurisdiction over the case, in refusing to hold that the action was prematurely brought, and in fixing the amount of recovery.

In his answer defendant Apperson says: "That he is willing and hereby consents to such composition and the payment of such lump sum in discharge of the obligations of said policy as to the court may seem just and proper, provided the court shall find that this is a proper case

in which to allow such compromise and compensation."
A joint motion for new trial was filed on behalf of defendants, and joint notice of appeal was given. The petition sets forth facts showing that the financial circumstances of the plaintiff are such that it would be for her best interests and those of her children to allow the payments to be made in a lump sum and invested for her benefit, and the evidence sustains the allegations. It asks the court to determine that sum to be $3,086, and to enter judgment for that amount. The defendant insurance company denies there has been any agreement to pay a lump sum in lieu of the weekly payments, but says that, if it is compelled to pay such a sum, it should not be in excess of $2,364.86.

Section 3681, Rev. St. 1913, of the workmen's compensation act, provides: "The amounts of compensation payable periodically under the law, either by agreement of the parties, or by decision of the court, may be commuted to one or more lump sum payments, except compensation due for death and permanent disability. These may be commuted only with the consent of the district court."

The insurance company argues that, if the legislature had intended that the district court had authority to order such a payment without a prior agreement of parties, it would have so stated; that the act implies that a previous agreement must have been reached which will be ratified by the district court, and that without such an agreement the court cannot compel such a commutation of payments. We agree with this construction. The meaning of section 3681 seems to us to be that after the amount of compensation, payable periodically, has been fixed, either by agreement, or, in case of a controversy, by the decision of a court, the parties may, if they so desire, agree for the payment of a lump sum in lieu of the periodical payments. The lump sum by sections 3682, 3683, Rev. St. 1913, is made final, and is not subject to modification as periodical payments are. In case the amount agreed upon is for compensation for death and

permanent disability, the agreement cannot go into effect until it has been submitted to the district court and its consent has been given thereto. We do not feel at liberty to transpose the language of this section, as plaintiff desires, and change its meaning so as to make commutation compulsory. The meaning is not ambiguous. The fact that the legislature did not express such a thought, while many such statutes do, is significant.

The statute leaves the question of how much shall be paid in a lump sum in ordinary cases to the agreement of interested parties, but in such serious matters as death and permanent disability, where the interests of those dependent upon the workman may be involved, the question of whether it is for the best interests of the dependents to have the payments made periodically or to be made in a lump sum must be submitted to the district court, acting in a capacity somewhat analogous to that of a guardian or next friend of the dependents, for its approval or rejection. The object of this provision evidently is to preserve the rights of a class of persons who are often inexperienced in business matters and unable to protect themselves, and to determine whether it is to their best interests to substitute a lump sum, which might easily be dissipated, for the payments made in lieu of wages.

An investigation as to the provisions of the workmen's compensation laws in other countries, and in other states in this country, has disclosed that almost without exception such provisions are contained in the statutes. In some jurisdictions the lump sum payment may be made by agreement of parties, but in the majority the question whether it shall be permitted is left to the determination of an administrative board or to the judgment of a court. In some states it can be made by the tribunal on the application of either party; in some the matter is within the discretion of the court or commission, with or without the consent of either party; in some states six months must expire before the agreement or the application to the

court may be made. The manner in which the lump sum is to be arrived at or must be computed is also fixed in some states, while in others the matter is left as in this state.

The New Jersey statute, as amended in 1913, not only fixes the rate and manner of computation, but indicates the principles which shall guide the court in passing upon such an application. Section 21 of the act is, in part, as follows: "In determining whether the commutation asked for will be for the best interest of the employee or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party, the judge of the court of common pleas will constantly bear in mind that it is the intention of this act that the compensation payments are in lieu of wages, and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid. Therefore, commutation is a departure from the normal method of payment and is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure. Commutation shall not be allowed for the purpose of enabling the injured employee, or the dependents of a deceased employee, to satisfy a debt, or to make payment to physicians, lawyers, or any other persons." N. J. Laws, 1913, ch. 174, p. 309. It seems to us that the New Jersey legislature determined correctly the principles that should govern in passing upon such an application. The law should be administered with due regard to the preservation of the means of support, and in ordinary cases the normal method should not be departed from. Section 3684 of our statute indicates the general purpose and intent that the fund shall not be dissipated. It provides, in substance, that, after the amount of an award has been agreed upon, a sum equal to the present value of all future installments may, where death has rendered the amount of future payments certain, by leave of the court, be paid by the assured or com-

pany paying the risk to a savings bank or trust company, to be held in trust for the employee or dependents.

We find nothing in the statute to justify the claim that if the employer and the workman, or the dependent person to whom payment is due, agree upon a lump sum in lieu of the periodical payments, an insurance company has any right to object to the manner of payment agreed upon by the parties by the consent of the court. By section 3688 it is provided: "No policy of insurance against liability under this article shall be made unless the same shall cover the entire liability of the employer thereunder. * * * Every contract for the insurance of the compensation herein provided for, or against liability therefor, shall be deemed to be made subject to the provisions of this article, and provisions thereof inconsistent with this article shall be void." This seems to give the insurance company no greater rights than the employer. A reasonable agreement made in good faith between the parties for the payment of a lump sum, not inconsistent with the amount of the periodical payments previously determined, binds the insurance company equally with the employer, and it cannot block a settlement by objecting to payment in a lump sum merely because it was not consulted. The evidence in this case clearly shows that the insurance company was willing to commute if the sum could be agreed upon.

As to the second error assigned, we find nothing in the statute to prevent the matter of a lump sum agreement being submitted to the court before six months have elapsed. It is hardly necessary to pass upon the assignment that there is error in the amount of the recovery, since defendant Apperson is not complaining of the amount, and the motion for a new trial is a joint one. But, since the statute is not clear, and the question may arise again, we indicate our views. In section 3684 the amount that may be paid by an employer to a trust company or savings bank for dependents is to be ascertained by taking "the present value of all future installments of compensation," and in section 3663 the amount which

may be paid by an employer for the benefit of nonresident alien dependents is fixed as two-thirds of the total amount of future installments. It is urged that the latter basis is the proper one. We are of the opinion that the legislature intentionally distinguished between residents and nonresident aliens and gave the former the preference. The present value of all future installments should be considered as the true basis for the adjustment. The district court properly adopted this method of computation, and was justified in fixing the rate at 5 per cent., which is the statutory rule in several states.

In conclusion, the employer and the dependent in this case both consented that commutation might be made. The amount was left by them to be fixed by the district court. It has been fixed at a reasonable sum, and the employer is willing that this sum be paid. While the proceeding has been different, the result is the same as if the parties had consented to settle, had agreed as to the amount out of court, and had come into court to procure its consent to the agreement.

We find no prejudice to the defendant in the manner pursued, and no reason to interfere with the judgment of the district court. Its judgment is therefore,

AFFIRMED.

FAWCETT, J., dissents.

SEDGWICK, J., not sitting.