(No. 13097.—Reversed and remanded.)

THE H. W. CLARK COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MILLIE MOORE *et al.* Defendants in Error.)

*Opinion filed February 18, 1920.*

1. WORKMEN'S COMPENSATION—*beneficiaries cannot be determined in proceeding for lump sum award.* Where it is not stipulated what person or persons are entitled to compensation, it is the duty of the Industrial Board, under the Compensation act of 1915, to determine that fact, but the beneficiaries cannot be determined, in the first instance, in a proceeding for a lump sum settlement.

2. SAME—*compensation must be determined before it can be commuted to lump sum.* Before compensation can be commuted to a lump sum award the compensation must have been previously determined by agreement or arbitration.

3. SAME—*lump sum award is not intended for benefit of creditors of beneficiaries.* It is not the purpose of the Compensation act to provide funds for the benefit of the creditors of the beneficiaries of the deceased and lump sum settlements should be permitted only in proper cases, as the State is interested in preventing the beneficiaries from dissipating the money and becoming dependent upon public aid, thereby defeating the fundamental purpose of the Compensation act.

4. SAME—*when employer does not waive right to object to lump sum award.* Though an employer indicates, in writing, his willingness to pay compensation "commuted in accordance with section 9 of the Workmen's Compensation act, if so ordered by the Industrial Board," he still has the right to object that the commutation is not in accordance with said section, which provides that the sum awarded shall be equal to the total sum of the "probable future payments," capitalized at their present value.

5. SAME—*what is meant by "probable future payments," in section 9 of Compensation act of 1915.* In section 9 of the Compensation act of 1915, providing for commutation of an award to a lump sum, the words "probable future payments" mean such payments as would ordinarily become payable in the natural course of events, taking into consideration the expectancy of the beneficiary, as the employer is not liable for compensation after the death of the beneficiary, except as provided in section 21 of the act.

6. SAME—*when a lump sum award cannot be sustained.* In a proceeding for commutation of an award to a lump sum under

the Compensation act of 1915, the Industrial Board cannot make a lump sum award to the mother and sister of the deceased, jointly, and without a prior determination of the amount of compensation or the beneficiaries entitled thereto.

7. SAME—*writ of error may be prosecuted under act in force when final judgment was rendered.* A writ of error in a compensation case is properly brought to the Supreme Court in accordance with the law in force when final judgment was entered in the circuit court.

8. WORDS AND PHRASES—*definition of the word "commutation."* The word "commutation" means the substitution of a specific sum of money for conditional payments, usually a substitution of a less thing for a greater, or a substitution of one kind of payment or service for another, and as used in criminal law it means a reduction or change of the penalty fixed by a judicial sentence.

9. STATUTES—*statutes must be construed to carry out intention of the legislature.* In construing a statute all the language must be considered and such interpretation placed upon every word or phrase appearing therein as was within the manifest intention of the legislature.

10. SAME—*literal meaning of statute will be given effect if unambiguous.* The words of a statute will generally be construed in their ordinary sense, and where the wording is clear and admits of but one interpretation there is no need for construction and the court will give effect to the plain meaning of the statute.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding.

BRYAN H. TIVNEN, for plaintiff in error.

EDWARD C. CRAIG, DONALD B. CRAIG, FRED C. KELLY, and JAMES CRAIG VANMETER, for defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

February 16, 1917, Frank Moore, while in the employ of the H. W. Clark Company of Mattoon, Illinois, sustained injuries resulting in his death three days later. Deceased had never been married, but left surviving him his mother, Millie Moore, a woman eighty-seven years of age. Previ-

ous to this accident they had resided in the city of Mattoon in the property of Millie Moore located at 216 North Sixteenth street. The house consists of ten rooms and is worth about $5000. In addition to the deceased, Frank Moore, and his mother, there resided in this house his sister, Jessie Sumerlin, his aunt, Jennie Moore, and his niece, Bessie Sumerlin. Jennie Moore, the sister of Millie Moore, had about $1000 invested in the home place and in addition had loaned her sister between $400 and $500. She paid $5 a week for board to Jessie Sumerlin, who managed the house and kept other boarders and roomers. Deceased paid no definite amount for board. From his small earnings he paid the coal and light bills, made minor repairs on the premises and contributed small amounts to the support of his mother and the general support of the household. No petition was filed pursuant to the Workmen's Compensation act for the purpose of determining the liability of the employer to pay compensation or the amount of compensation due, or who were the proper beneficiaries, if any. All the proceedings were had on a petition filed for a lump sum award. This petition was filed May 3, 1917, by Millie Moore and Jessie Sumerlin, requesting that the Industrial Board fix the amount due and that the compensation be paid in a lump sum for the following reason: "We are in need of this money to pay for necessary repairs now being made to our home, comprising new roof, repairs to plumbing and sewerage, new concrete walks, etc., and the placing of a monument in cemetery, as well as to settle the funeral expenses, hospital and medical attendance accounts." The board awarded a lump sum of $1755.26. On *certiorari* the circuit court of Coles county confirmed the award and certified that this cause is one proper to be reviewed by this court, whereupon the cause is brought here by writ of error.

The Workmen's Compensation act as amended in 1915 is the one under which these proceedings were had. Section 19 of that act provides that any disputed questions of

law or fact shall be determined, in the first instance, by an arbitrator or committee of arbitration. (Laws of 1915, p. 408.) It was stipulated in this case that both parties were operating under the act; that the injury arose out of and in the course of the employment; that deceased had never been married; that he left surviving him, among others, his mother, Millie Moore, and his sister, Jessie Sumerlin, both widows; that they lived together in a house owned by the mother; that Jessie Sumerlin kept boarders and roomers and that deceased contributed toward the repairs of the house and paid some of the general household expenses; that during the year previous to his death deceased had worked about nine and a half months, and that his total earnings for the year were $480. The law then in force provided that if the employee left no widow or child but did leave a parent to whose support he had contributed within four years previous to the time of his injury, the amount of compensation to be paid for an injury resulting in death was a sum equal to four times the average annual earnings of the employee, but not less, in any event, than $1650, and not more, in any event, than $3500. (Laws of 1915, p. 401.) It was further provided by section 21 of the Compensation act that any right to receive compensation under the act was extinguished by the death of the person entitled thereto, provided that upon the death of the beneficiary who was receiving compensation provided for in section 7, leaving surviving a sister of the deceased employee who was at the time of his death dependent upon him for support, who was receiving from such beneficiary a contribution to support, then that proportion of the compensation of the beneficiary which would have been paid but for the death of the beneficiary, but in no event exceeding said unpaid compensation, which the contribution of the beneficiary to the dependent's support within one year prior to the death of the beneficiary bore to the compensation of the beneficiary within that year, should

be continued for the benefit of such dependent sister notwithstanding the death of the beneficiary. (Laws of 1915, p. 412.) .

Before this application for payment of compensation in a lump sum was made it had not been stipulated or determined by arbitration who the beneficiaries were. It may be assumed by reading the stipulation and section 7 of the Compensation act together that the mother was the beneficiary, and if so, she was entitled to an award of $1920 in installments, but Jessie Sumerlin would not be entitled to compensation until after the death of the mother, and not then until it was shown that she was at the time of the employee's death dependent upon him for support and that she had been receiving contributions to support from her mother after the employee's death, and then she would be entitled to compensation only in an amount equal to the proportion of the compensation of the beneficiary which the contribution of the beneficiary to her support within one year prior to the death of the beneficiary bears to the compensation of the beneficiary within that year. Jessie Sumerlin was one of the petitioners for this lump sum award, and the board made the award to Millie Moore and Jessie Sumerlin jointly. In this the board was clearly in error. Since it was not stipulated what person or persons were entitled to compensation, it was the duty of the Industrial Board to determine that fact. (*Paul* v. *Industrial Com.* 288 Ill. 532.) Such fact could not be determined, however, in a proceeding for a lump sum settlement. Section 9 of the Compensation act provides that any employer or beneficiary who shall desire to have the compensation paid in a lump sum may petition the Industrial Board asking that such compensation be so paid, and that if it appears to the best interests of the parties that such compensation be so paid the board may order the commutation of the compensation to an equivalent lump sum, which commutation shall be an amount which will equal the total sum of probable future payments

capitalized at their present value.   (Laws of 1915, p. 405.)
Commutation means the substitution of a specific sum of
money for conditional payments, usually a substitution of
a less thing for a greater; (Webster's Dict.;) a substitu-
tion of one kind of payment or service for another; a re-
duction or change of the penalty imposed by a judicial sen-
tence.   (Standard Dict.)   It is clear, therefore, that before
such compensation can be commuted it must have been previ-
ously determined by agreement or arbitration.

If it be admitted that the stipulation was sufficient to
give the board authority to consider $1920 as the determined
compensation payable to Millie Moore, then the first ques-
tion presented is whether the evidence shows it to be to the
best interest of the parties that this compensation be paid
as a lump sum.   In *Forschner &. Co.* v. *Industrial Board,*
278 Ill. 99, we said: "This could only be made to appear
by some showing, in a competent and legal manner, of
reasons why the prayer of the petition should be granted.
* * * To authorize the board to grant the prayer of the
petition the petitioner is required to support his application
to have the award commuted to a lump sum by competent
and legal evidence that it is for the best interests of the
parties that the award be paid in a lump sum." In *Goelitz
Co.* v. *Industrial Board,* 278 Ill. 164, we said: "We do not
think that it is necessary to show it to be for the best in-
terests of both parties before the award can be made in a
lump sum, but we are of the opinion that there should be
some showing by evidence, or by the facts stipulated by
counsel for both parties, that it is for the best interests
of the party applying for it that the compensation be paid
in a lump sum.   We do not think the board is authorized
to proceed on this point, more than on any other, on mere
conjecture, surmise or speculation or to assume anything.
The order for payment in a lump sum should not be made
unless there is some evidence from which it can be reason-
ably presumed that such lump payment will be for the best

interests of the party applying therefor, all things considered, and that such order for the payment in a lump sum will not result injuriously to the other party."

The evidence here shows Millie Moore to be eighty-seven years of age and in very poor health. She is practically helpless and cannot walk without assistance, and then only with great difficulty. She is very forgetful and has not for many years attended to her own business. It is contended that the payments of $4.62 a week are not sufficient to keep her, but this contention is without much force when it is considered this is equivalent to half the wages earned by deceased and according to the evidence is more than he contributed to her support during his lifetime. It is further shown from a consideration of the evidence that this is not the reason assigned for wanting the compensation paid in a lump sum. The petition requesting the commutation to a lump sum assigns as the reason improvements to the property and payment of debts. Practically all of the testimony shows that this money is wanted for the purpose of paying debts amounting to less than $500, owing largely to Jennie Moore. The evidence further shows that Millie Moore has $500 in money on hand which she could use to pay these debts. It is not the purpose of the Compensation law to provide funds for the benefit of the creditors of the beneficiaries of the deceased. The fundamental basis of workmen's compensation laws is, that there is a large element of public interest in accidents occurring from modern industrial conditions, and that the economic loss caused by such accidents shall not necessarily rest upon the public but that the industry in which the accident occurred shall pay, in the first instance, for the accident. That lump sum payments, with proper safeguards, should be permitted is obvious, but on the other hand the State is concerned in preventing dissipation of the money paid and an early recourse to that charitable aid which systematic compensation aims to avoid. There is nothing to insure that the incapacitated

workman or the widow will not lose or squander the sum handed over as compensation for the accident and eventually become as dependent on poor-law relief as if the community had provided nothing at all. As a matter of fact there are always among the paupers in industrial districts thousands of such cases, and their number increases annually. (*Goelitz Co.* v. *Industrial Board, supra.*) While we think a fair consideration of the evidence shows that it is not for the best interests of this aged beneficiary that this money be paid to her in a lump sum to be used by her relatives in paying obligations due them from her, still we realize that that question is one peculiarly within the province of the Industrial Board and one to be determined by it under proper rules.

It is contended that plaintiff in error has waived the right to object to the payment of compensation in a lump sum. When the petition for lump sum payment was filed, H. W. Clark, president of the H. W. Clark Company and son-in-law of Millie Moore, indicated in writing the willingness of plaintiff in error to pay compensation "commuted in accordance with section 9 of the Workmen's Compensation act, if so ordered by the Industrial Board." This so-called consent to a lump sum award was no more than a declaration that plaintiff in error would be bound by the laws of Illinois. Plaintiff in error is, however, willing to pay this compensation in a lump sum provided it is commuted in accordance with section 9 of the act. It becomes necessary, therefore, to determine the method of arriving at the present value of the compensation to which Millie Moore is entitled.

Section 9 of the act says the commutation "shall be an amount which will equal the total sum of the probable future payments capitalized at their present value upon the basis of interest calculated at three percentum per annum, with annual rests." The board was required to determine the present value of the weekly compensation of $4.62 ex-

tending over a period of 444.44 weeks, or more than eight and a half years. Without taking into account the question of "probable future payments," the present value of $1920 capitalized upon the basis of interest calculated at three percentum per annum with annual rests, is, as determined by the board, $1755.26. The most serious question presented for our consideration is, What is meant by the phrase "probable future payments?" Chapter 131 of our statutes provides that all phrases and expressions in the statutes shall be liberally construed in order that the true intent and meaning of the legislature may be fully carried out. It is well settled that in construing any statute all the language shall be considered and such interpretation placed upon any word or phrase appearing therein as was within the manifest intention of the body which enacted the law. As a general rule, the words of a statute will be construed in their ordinary sense and with the meaning ordinarily attributed to them. (25 R. C. L. 988.) Where the wording of the statute is clear and admits of but one interpretation there is no need or occasion for construction of the statute and the court will give effect to its plain meaning. (*Illinois Electric Co.* v. *Town of Cicero,* 282 Ill. 468; *People* v. *Stewart,* 281 id. 365; *Wall* v. *Pfanschmidt,* 265 id. 180; *Caminetti* v. *United States,* 242 U. S. 470.) It seems clear that the expression "probable future payments" can mean but one thing, and that is, such payments as would ordinarily become payable in the natural course of events, taking into consideration the expectancy of the beneficiary,— her age, her health, and other similar elements which would enter into that consideration. Except in cases where the beneficiary is of extreme age it would not be improbable to presume that the beneficiary would live longer than the period over which the payments extend, and so the probable future payments would amount, in such a case, to all the payments; but in the case at bar, when we consider the age of the beneficiary and her condition of health, can

it be said that she will live eight and a half years? Plaintiff in error is not liable for compensation on account of this death after the death of the beneficiary, subject to the exception provided for in section 21 of the act. The order for a lump sum settlement in this case is against the interests of plaintiff in error, for the reason that it is improbable that the future payments will amount to the whole of the compensation in installments. If a lump sum settlement is insisted upon, plaintiff in error has the right to demand that commutation be made in accordance with section 9 of the act, which provides that it be equal to the total sum of the probable future payments. In determining the probable future payments the board should have received and considered evidence from which the fact could be reasonably determined.

We hold that there is no evidence in this record on which to base the amount fixed by the board as the proper lump sum to be paid as compensation, and for that reason the cause must be remanded to the commission for further consideration.

It is contended by defendants in error that this writ of error should be dismissed because application was not made to this court for leave to issue the writ in accordance with section 19 of the Compensation act, as amended and in force July 1, 1919. (Laws of 1919, p. 548.) Final judgment in this cause was entered in the circuit court May 16, 1919, and the record was properly brought to this court by writ of error, in accordance with the law then in force. *George* v. *George,* 250 Ill. 251.

For the errors heretofore pointed out, the judgment is reversed and the cause is remanded to the circuit court of Coles county, with directions to set aside the finding of the Industrial Board and to remand the cause to the Industrial Commission for further proceedings consistent with the views herein expressed.

*Reversed and remanded, with directions.*