## BETHLEHEM STEEL COMPANY *v.* JACKSON

[No. 142, October Term, 1951.]

*Decided April 4, 1952.*

*Rehearing denied May 8, 1952.*

*Memorandum on Motion for Rehearing filed May 8, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*Kenneth C. Proctor* and *Jesse Slingluff, Jr.,* for the appellant.

*Maurice J. Pressman,* with whom were *Michael Paul Smith* and *Schonfield & Schonfield* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The question raised in this Workmen's Compensation case is whether the Commission erred in making a lump sum award of a fee to claimant's attorney, payable out of the terminal payments due under a previous award, without allowing the employer and self-insurer a discount on such prepayment. The appellant does not challenge the authority of the Commission to make the lump sum award under Section 58, Article 101 of the Code or its propriety under the circumstances.

The facts are not in dispute. Jackson received an award for temporary total disability and permanent partial disability, aggregating $2,864.33, payable at the rate of $20.00 per week during the continuance of the disability. Subsequently a counsel fee of $625.00 without discount was allowed in a lump sum payable out of the terminal payments. On appeal to the Circuit Court for Baltimore County the award was affirmed by Judge Gontrum.

Section 50, Article 101 of the Code (1947 Suppl.) provides: "In every case providing for compensation to an employee or his dependent, excepting temporary disability, the Commission may, if in its opinion the facts and circumstances of the case warrant it, convert the compensation to be paid in a partial or total lump sum."

The appellant points out that this section, as originally enacted by Chapter 800, Acts of 1914 used the word "allow" in place of the present word "convert". In 1918, Attorney General Ritchie (3 Opinions of the Attorney General 251), informed the Commission that it could "commute the award into lump sum * * *. * * * No method of computation is provided, and this is, therefore, left to your judgment". In the next legislative session the section was amended to change the word "allow" to "convert" by Chapter 456, Acts of 1920. There appears to be no subsequent construction of the section by the Attorney General and we think the construction of the deleted word is without significance. Nor do we gain much enlightenment from the alleged administrative practice of the Commission, which admittedly has varied from time to time. The appellee points out that in Sections 35 and 43, dealing with lump sum awards to non-resident dependents and beneficiaries removing from the United States, a more precise formula is laid down in the words "convert * * * by paying a sum equal to three-fourths of the then value of such payments." No reduction is specified in Section 50, however, and we agree with the appellee that the Commission would have no power to make a comparable reduction under Section 50.

In the absence of any prior adjudications on the point, we must determine the meaning of the word "convert". The appellee argues that the allowance of a discount would reduce the award and that if the legislature had contemplated this it would have used the word "commute". It is true that the word "commute" seems to be used in all of the other statutes on the subject, and

its meaning has been judicially defined. In *Cretella v. New York Dock Co.*, 289 N. Y. 254, 45 N. E. 2d 429, 430, it was said: "Such a commutation * * * is a mathematical computation of the present value of a series of future payments." In *Shaftic v. Commonwealth Coal and Coke Co.*, 106 Pa. Super. 406, 161 A. 773, 775, the court said: "Commutation is merely present payment at a reduced rate of sums successively payable." In *Banister Co. v. Kriger*, 84 N. J. L. 30, 85 A. 1027, 1028, the court said: "The trial judge erred, however, in commuting the periodical payments to a lump sum. He simply multiplied the weekly minimum by the number of weeks, and made the necessary credits. This was not a commutation, but an allowance of compensation in excess of that fixed by the act. A present payment of the whole amount exceeds in value a weekly payment to be paid in future installments. A deduction should have been made sufficient to make the lump sum equal to the present value of the periodic payments." In Illinois the Statute fixes the commutation at an "amount which will equal the total sum of the probable future payments capitalized at their present value" at three percent per annum with annual rests. *Clark Co. v. Industrial Commission*, 291 Ill. 561, 126 N. E. 579, 581. To the same effect, see *State v. Industrial Commission*, 92 Ohio St. 434, 111 N. E. 299, L. R. A. 1916 D, 944; *Bailey v. U. S. F. & G.*, 99 Neb. 109, 155 N. W. 237; and *Lumbermen's Mutual v. McIntyre*, 67 Ga. App. 666, 21 S. E. 2d 446, 448, where the court described commutation as "the converted cash value of weekly installments".

In Texas it was held that where the statute did not fix the rate proof could be taken on the subject. *Great American Indemnity Co. v. McElyea*, Tex. Civ. App., 57 S. W. 2d 966. Even after the legislature had fixed a rate of six percent, the court held that a lower current rate could be found, if the evidence warranted. *Traders' and General Insurance Co. v. Powell*, Tex. Civ. App., 82 S. W. 2d 747. Only in Oklahoma has it been held that under a direction to commute it was discretionary with the Commission

to allow a discount. *Okmulgee Democrat Pub. Company v. Commission,* 86 Okl. 62, 206 P. 249, 250. In New Hampshire commutation was not allowed where the statute called for a "lump sum equal to the amount of payments then due and prospectively due thereafter". *Gagne v. New Haven Co.,* 87 N. H. 163, 175 A. 818, 820.

. We are not persuaded that the word "convert" has a different meaning in the context from the word "commute". The Oxford English Dictionary defines "commute" as "to change (one kind of payment) into or for another, especially, to substitute a single payment for a number of payments". It defines "convert", in the financial sense, as "to change by substitution of something of equivalent value". Funk & Wagnall's New Standard Dictionary gives as one meaning of "convert": "To change into or exchange for value of another form"; Webster's New International Dictionary defines "convert": "to change (one form of security, obligation, or the like) into an equivalent of a different nature". To require prepayment of amounts not yet due without the allowance of a discount would in effect increase the award to the extent that the lump sum paid exceeded the present value of the future payments. We think the concept of an equivalent value is implicit in the word "convert". While the point was not raised in *Petillo v. Stein,* 184 Md. 644, 646, 42 A. 2d 675, 676, we noted that a prior award had been "commuted at a discount of three percent and paid in a lump sum". On page 654 of 184 Md., on page 679 of 42 A. 2d we referred to "the right to ask for commutation or conversion", indicating that the terms were synonomous. We now hold that they are, in the context. The problem is exactly the same in other States, and we attach no controlling significance to the choice of a different word.

Finding error in the award in the disallowance of discount, we shall remand the case.

*Judgment reversed, with costs, and case remanded.*

ON MOTION FOR REHEARING

HENDERSON, J.

On motion for reargument the appellee contends that payment of attorneys' fees is controlled solely by Section 58, Article 101 of the Code, not by Section 50. Section 58 provides that "no person shall charge or collect any compensation for legal services in connection with any claims arising under this Article * * * unless the same be approved by the Commission. When so approved, such claim or claims shall become a lien upon the compensation awarded, but shall be paid therefrom only in the manner fixed by the Commission. * * *". Under this section both the amount of the fee and the manner of its payment are within the control of the Commission. But it is clear that if a lump sum payment is ordered, as in the instant case, the authority stems from Section 50, which, as stated in the appellant's brief, "is the section controlling in the case at bar". Cf. *Howard Contracting Co. v. Yeager*, 184 Md. 503, 41 A. 2d 494, and *Petillo v. Stein, supra.* The appellant, on the other hand, did not challenge the amount of the fee or the fact that it was allowed in a lump sum, but "the Commission's failure to allow a discount from the terminal payment due under the award to the claimant". In short, the issue was whether the claimant or the self-insurer should bear the cost of converting future payments into their present worth. It is within the power of the Commission to allow a fee out of current payments, or to commute into a lump sum by reducing the fee claimed to the extent of the discount, or to allow the fee claimed without discount, but in the latter case the discount cannot be charged to the employer or insurer, as that would be tantamount to an increase in the claimant's award. The motion is denied.