**STATE INSURANCE FUND, Plaintiff,**

v.

**Kenneth E. RENAK, and The Industrial Commission of Utah, Defendants.**

**No. 16889.**

Supreme Court of Utah.

Dec. 5, 1980.

M. David Eckersley, Salt Lake City, for plaintiff.

Robert R. Brown, Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Chief Justice:

The State Insurance Fund seeks review of an order of the Industrial Commission that it pay to defendant, Kenneth Renak, $12,000 immediately in cash which he otherwise would have received at the rate of $137 per week. The point of controversy here is plaintiff's contention that its obligation is to pay the $137 per week compensation as provided by statute and that, upon compliance with the order to pay the lump-sum payment immediately, it is entitled to discount the amount paid to equate to its present value.

Defendant Renak's response is that such orders are not reviewable by this Court unless the Commission has violated some "positive provision of law"; that, in any event, the Commission is not required to discount such awards.

Defendant Renak was injured while working in the course of his employment with the Nu Art Lighting & Manufacturing Company on September 24, 1977. He sustained serious injuries to both hands. Plaintiff Insurance Fund, as the workmen's compensation carrier for Nu Art, assumed liability and began paying temporary total disability compensation. Upon receipt of reports from Mr. Renak's treating physician concerning the extent of his permanent disability, the Fund recognized that it would be liable for the maximum benefits payable under the schedule provided for in the Compensation Act and agreed with Mr. Renak to provide those weekly benefits. The detail as to the cause and extent of defendant's injury is not material to the controversy herein. It is sufficient to say that the plaintiff Insurance Fund does not question that it is liable for the maximum benefits payable for defendant's injuries.

The basis of the Commission's order is a settlement agreement between plaintiff Insurance Fund and defendant Renak whereby the Fund became obligated to pay defendant Renak permanent partial disability compensation at the rate of $137 per week fixed by statute until a total of $32,743 had been paid. Thereafter, pursuant to Sec. 35–1–79, U.C.A. 1953, the defendant petitioned the Commission for an advance lump-sum payment of $12,000 of the total amount he was to receive.[1] On December 10, 1979, the Commission granted that petition, but rejected the plaintiff's contention that the lump-sum payment must be reduced to its present value.

In making its decision to commute monthly payments, the Commission has no authority to require the obligor (plaintiff Insurance Fund) to pay greater benefits than provided in its prior order, based upon the compensation fixed by statute. It is vested only with discretionary power to order an advance payment of such benefits in appropriate circumstances.

In ordering the lump-sum award, it is obvious that the $12,000 in hand is more valuable to the defendant Renak than that same total sum would be if paid to him in weekly payments, and conversely, that such requirement places a greater financial burden upon the plaintiff.[2] It is our opinion that this was not the intent of Sec. 35–1–79, but that when a lump-sum payment in advance is ordered, there should be a reasonable and proper reduction on an actuarial basis so that the amount to be paid by the obligor will be equal to the present value of the extended payments. It is therefore necessary that this matter be remanded to the Commission to determine the appropriate discount and amend its order accordingly: No costs awarded.

WILKINS, HALL and STEWART, JJ., and ERNEST F. BALDWIN, District Judge, concur.

MAUGHAN, J., does not participate herein.

---

1. Sec. 35–1–79, U.C.A. 1953, provides: "The commission, under special circumstances and when the same is deemed advisable, may commute periodical benefits to one or more lump-sum payments."

2. See statements in *Bethlehem Steel Co. v. Jackson*, 199 Md. 642, 87 A.2d 841 (1952).