*In re Expungement Petition of Abhishek I.*, No. 904, September Term, 2021.  Opinion by Graeff, J.

**CRIMINAL PROCEDURE – EXPUNGEMENT – SATISFACTION OF SENTENCE**

Md. Code Ann., Crim. Proc. Art. § 10-110(c)(1) (2018 Repl. Vol.), provides:

> [A] petition for expungement under this section may not be filed earlier than 10 years after the person satisfies the sentence or sentences imposed for all convictions for which expungement is requested, including parole, probation, or mandatory supervision.

Where appellant violated the terms of his probation, and the court closed his probation unsatisfactorily, he did not "satisfy" his sentence of probation.  The circuit court properly denied his petition for expungement.

Circuit Court for Montgomery County
Case No. 109907C

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 904

September Term, 2021

_____

IN RE EXPUNGEMENT PETITION OF
ABHISHEK I.

_____

Graeff,
Shaw,
Raker, Irma S.
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Graeff, J.

_____

Filed:  August 31, 2022

\* Tang, J., and Albright, J., did not participate in the Court's decision to designate this opinion for publication pursuant to Md. Rule 8-605.1.

Pursuant to Maryland Uniform Electronic Legal Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

In this appeal, Abhishek I., appellant, challenges the ruling of the Circuit Court for Montgomery County denying his petition for expungement of his 2008 theft conviction. He presents a single question for this Court's review, which we have rephrased slightly, as follows:

Did the circuit court err in denying appellant's petition for expungement?

For the reasons set forth below, we shall affirm the judgement of the circuit court.

### FACTUAL AND PROCEDURAL BACKGROUND

In August 2008, appellant pleaded guilty to theft of property with a value under $500. The court sentenced him to one year of incarceration, suspended, with one year of supervised probation.

Several months after he was sentenced, appellant was charged with violating the conditions of his probation to obey all laws and not illegally possess any controlled dangerous substance.[1] In March 2010, appellant pleaded guilty to that violation. The court sentenced appellant to four days' incarceration, and it closed probation "unsatisfactorily."

On December 3, 2020, appellant filed a petition for expungement of the 2008 theft conviction. The State filed a response, arguing that, because appellant's probation had been closed unsatisfactorily, the conviction was ineligible for expungement.

Following a hearing on August 6, 2021, the court denied appellant's petition. It stated that, for appellant to be entitled to expungement, he had to "satisfy" his sentence, "including probation," which meant that he needed to complete his probation without

---

[1] The record reflects that appellant was arrested, on two different occasions, for possession of cannabis.

violating it, which appellant did not do. Accordingly, the circuit court ruled that appellant was not entitled to expungement of his conviction.

This timely appeal followed.

## DISCUSSION

Appellant filed a petition for expungement pursuant to Md. Code Ann., Crim. Proc. Art. ("CP") § 10-110(a)(1)(x) (2018 Repl. Vol. & 2021 Supp.), which addresses eligibility for expungement of a theft conviction. CP § 10-110(c)(1) provides, as follows:

> [A] petition for expungement under this section may not be filed earlier than 10 years after the person *satisfies* the sentence or sentences imposed for all convictions for which expungement is requested, including parole, probation, or mandatory supervision.

(Emphasis added.)

Appellant contends that the circuit court erred in denying his petition for expungement on the ground that he had not satisfied his sentence. The State contends that the court properly denied appellant's petition for expungement. Noting that appellant violated his probation, which resulted in his case being closed "unsatisfactorily," the State asserts that appellant did not "satisf[y]" his sentence. It argues that, because he concluded his probation "unsatisfactorily," the 10-year clock did not, and could not, begin, and "he is not entitled to the statutory remedy of expungement."

## I.

## Standard of Review

Whether a person is entitled to expungement is a question of law, which we review *de novo*. *See In re Expungement of Vincent S.*, ___ Md. App. ___, ___, Nos. 607 & 608,

2

Sept. Term, 2021, slip op. at 5 (filed July 5, 2022); *In re Expungement of Dione W.*, 243 Md. App. 1, 3 (2019). A court has no discretion to deny expungement if a person is statutorily entitled to it. *Vincent S.*, slip op. at 5; *Dione W.*, 243 Md. App. at 3.

## II.

## History of Expungement in Maryland

Before addressing appellant's contention, we briefly address, as relevant to this appeal, the statutory scheme for expungement, i.e., the removal of a court record or a police record "from public inspection." CP § 10-101(e) (defining "expungement"). In 1975, the General Assembly enacted House Bill 482, which was codified at Md. Ann. Code, Art. 27, §§ 735–741 (1976 Repl. Vol.). *Vincent S.*, slip op. at 12. Section 737(a)(1)–(5) provided that a person charged with a crime was eligible for expungement in cases that did not result in a judgement of conviction, i.e., acquittal, dismissal, entry of a *nolle prosequi*, placement on the stet docket, or probation before judgement. The Court of Appeals explained that the expungement procedure was designed "to help protect individuals seeking employment or admission to an educational institution, by entitling them to expungement of unproven charges, so that those individuals could avoid being unfairly judged during their application processes." *Stoddard v. State*, 395 Md. 653, 664 (2006). A petition for expungement was permitted no earlier than three years from the judgement, with an exception if the person executed a waiver of any tort claim arising from the charge. *See* Art. 27, § 737(c).

In 1982, the General Assembly expanded the scope of expungement, permitting expungement in the situation where a person was convicted of only one criminal act, which was not a violent crime, and the person was "subsequently granted a full and unconditional

3

pardon by the Governor." Md. Ann. Code, Art. 27, § 737(a)(7) (1976 Repl. Vol. & Supp. 1982). The time limitation for expungement under this provision was different; it could not be filed "earlier than 5 years nor later than 10 years after the pardon was signed by the Governor." Art. 27, § 737(c).

In 2008, the General Assembly further expanded the scope of convictions that could be expunged, including "minor nuisance crimes such as panhandling, drinking an alcoholic beverage in a public place, and loitering." *Vincent S.*, slip op. at 16. *Accord* Md. Code Ann., Crim. Proc. Art. ("CP") § 10-105(a)(9) (2008 Repl. Vol.). Although some prosecutors and law enforcement agencies objected to the change,[2] the proponents of the change expressed the view that extending eligibility for expungement to convictions for nuisance-related crimes would help impoverished people who were attempting to rehabilitate themselves.[3] A petition to expunge these convictions could "not be filed within

---

[2] *See, e.g.*, Letter in Opposition to 2008 House Bill 685 from State's Attorney for Baltimore City Patricia Jessamy to the House Judiciary Committee, dated Feb. 26, 2008 (predicting that HB 685 would result in "double the present amount of petitions"; pointing out that "prior convictions are a factor under Maryland sentencing guidelines" and that liberalized expungement would result in reduced sentences for some subsequent offenders; and contending that the newly eligible offenses are "detrimental to the public safety, health and morality of the citizens of Baltimore City"); Letter in Opposition to 2008 House Bill 685 from the Maryland State Police Government Affairs Section to the House Judiciary Committee, dated Feb. 26, 2008 (contending that liberalizing eligibility for expungement to "nuisance crimes" would allow criminals "to avoid progressive penalties as their past disruptive behaviors may have been purged from the record" and would harm offenders by providing "a distorted view" of their "need for professional, rehabilitative or behavioral intervention and treatment").

[3] *See, e.g.*, Letter in Support of 2008 House Bill 685 from Jason Perkins-Cohen, Executive Director, Job Opportunities Task Force, to Honorable Joseph Vallario, Chair of the House Judiciary Committee (Feb. 26, 2008) (noting that HB 685 would help "low-

(continued)

4

3 years after the conviction or *satisfactory completion* of the sentence, including probation, that was imposed for the conviction, whichever is later." CP § 10-105(c)(6) (emphasis added).

In 2016, the General Assembly enacted the Justice Reinvestment Act ("JRA"), 2016 Md. Laws ch. 515, which, among other things, added § 10-110 to the Criminal Procedure Article. CP § 10-110 greatly expanded the list of criminal convictions that potentially were eligible for expungement. *See* CP § 10-110(a)(1)–(3). Among the many new criminal convictions that were now eligible for expungement was theft. *See* CP § 10-110(a)(1)(x), (2)(i). For these convictions, there was a longer waiting period; a petition for expungement could not be filed earlier than ten years after the "person *satisfies* the sentence or sentences imposed for all convictions for which expungement is requested, including parole, probation, or mandatory supervision." CP § 10-110(c)(1) (emphasis added).[4]

---

income Marylanders" who have been convicted of "minor nuisance crimes" that are "disproportionately associated with poverty"); Letter in Support of 2008 House Bill 685 from Student Members of the Reentry of Ex-Offenders Clinic at the University of Maryland School of Law to Delegate Vallario (Feb. 26, 2008) (noting that HB 685 would "help individuals convicted of nuisance crimes move past their records and allow them better access to gainful employment").

[4] The General Assembly has continued to expand the criminal convictions for which expungement is available in the past several years. For a thorough review of additional legislation pertaining to expungement after 2016, see *In re Expungement of Vincent S.*, ___ Md. App. ___, ___, Nos. 607 & 608, Sept. Term, 2021, slip op. at 17–18 n.9 (filed July 5, 2022).

## II.

## Analysis

The question presented here is whether appellant's petition for expungement met the requirements of CP § 10-110(c)(1), which, as indicated, provides:

> [A] petition for expungement under this section may not be filed earlier than 10 years after the person *satisfies* the sentence or sentences imposed for all convictions for which expungement is requested, including parole, probation, or mandatory supervision.

(Emphasis added.)

The parties disagree on the meaning of the requirement that appellant "satisfy" the sentences imposed, including probation. Appellant contends that he satisfied "the sentence imposed for violating his probation, which was four days." He asserts that "one may satisfy one's probation without completing it as long as the sentence imposed for violating the probation is satisfied." As indicated, the State contends that, because appellant violated his probation, which resulted in his case being closed "unsatisfactorily," appellant did not "satisfy" his sentence of probation.

"When interpreting the language of a Maryland statute, the 'cardinal rule' of statutory construction 'is to determine what the [General Assembly] intended, and, as we have so often said, to do that, we turn first to the words used by the [General Assembly], giving them their ordinary meaning.'" *Howling v. State*, 478 Md. 472, 498 (2022) (alterations in original) (quoting *Dimensions Health Corp. v. Md. Ins. Admin.*, 374 Md. 1, 17 (2003)). "We do so on the tacit theory that the General Assembly is presumed to have meant what it said and said what it meant." *Peterson v. State*, 467 Md. 713, 727 (2020)

6

(quoting *Bellard v. State*, 452 Md. 467, 481 (2017)). "We, however, do not read statutory language in a vacuum, nor do we confine strictly our interpretation of a statute's plain language to the isolated section alone." *Gerety v. State*, 249 Md. App. 484, 498 (2021) (quoting *State v. Bey*, 452 Md. 255, 266 (2017)). "Instead, 'the plain language must be viewed within the context of the statutory scheme to which it belongs.'" *Westley v. State*, 251 Md. App. 365, 387 (2021) (quoting *Berry v. Queen*, 469 Md. 674, 687 (2020)) (cleaned up). "We presume that the Legislature intends its enactments to operate together as a consistent and harmonious body of law, and, thus, we seek to reconcile and harmonize the parts of a statute, to the extent possible consistent with the statute's object and scope." *Gerety*, 249 Md. App. at 498 (quoting *Bey*, 452 Md. at 266). "If the language of the statute is unambiguous and clearly consistent with the statute's apparent purpose, our inquiry as to the legislative intent ends ordinarily and we apply the statute as written without resort to other rules of construction." *White v. State*, 250 Md. App. 604, 638 (quoting *Bey*, 452 Md. at 266), *cert. denied*, 475 Md. 717 (2021).

If the language of the statute is ambiguous, i.e., if it is reasonably susceptible of more than one meaning, we resolve that ambiguity "by searching for legislative intent in other indicia, including the history of the legislation or other relevant sources intrinsic and extrinsic to the legislative process." *Id.* at 639 (quoting *Bey*, 452 Md. at 266). We may, for example, consider "the structure of the statute, how it relates to other laws, its general purpose and relative rationality and legal effect of various competing constructions." *Bey*, 452 Md. at 266 (quoting *State v. Johnson*, 415 Md. 413, 422 (2010)). In resolving any ambiguity, we "'consider the consequences resulting from one meaning rather than

7

another, and adopt that construction which avoids an illogical or unreasonable result, or one which is inconsistent with common sense.'" *Blackstone v. Sharma*, 461 Md. 87, 114 (2018) (quoting *Spangler v. McQuitty*, 449 Md. 33, 50 (2016)).

Based on these well-settled maxims of statutory construction, we begin with the language of the statute. In determining the plain meaning of statutory language, reference to dictionaries is appropriate. *See Davis v. State*, 474 Md. 439, 463 (2021) ("When searching for the meaning of a statutory word, we often turn first to recognized dictionaries, which sometimes, but not always, are helpful."); *Donati v. State*, 215 Md. App. 686, 724 ("Neither of these terms are defined in the statute, so we look to the dictionary definitions of these terms."), *cert. denied*, 438 Md. 143 (2014).

In looking at dictionary definitions of the term "satisfy," we note that it is defined as, among other things, "to fulfil or comply with (a request); [t]o answer the requirements of (a state of things, a hypothesis, etc.); to accord with (conditions)." *The Oxford English Dictionary* 503 (2d ed. 1989). "Satisfy" also is defined as "to conform to (accepted criteria or requirements): fulfill, meet." *Webster's Third Int'l Dictionary* 2017 (1976).

Here, appellant argues that he satisfied "the sentence imposed for his conviction of theft under $500 and the sentence imposed for violating his probation, which was four days." We disagree. Although he may have satisfied his four-day sentence for the violation of probation, he did not "satisfy" his original sentence of one year of supervised probation. He did not fulfill or comply with the conditions of probation. Rather, within months, appellant violated the terms of his probation, which resulted in the court imposing the four-day sentence and closing his probation unsatisfactorily. Under these circumstances,

8

appellant did not fulfill, comply with, or meet the terms of his probation, and pursuant to the plain meaning of CP § 10-110(c)(1), he did not "satisfy" his sentence of probation.

Despite this plain language of the statute, appellant suggests that the statute is ambiguous. Appellant notes that the General Assembly has used different language in other expungement statutes relating to when a petition for expungement may be filed. For example, CP § 10-105(c) provides, in part:

> (6) A petition for expungement based on the conviction of a crime under subsection (a)(9) of this section may not be filed within 3 years after the conviction or *satisfactory completion* of the sentence, including probation, that was imposed for the conviction, whichever is later.
>
> *     *     *
>
> (8) A petition for expungement based on the conviction of a crime under subsection (a)(12) of this section may not be filed within 4 years after the conviction or *satisfactory completion* of the sentence, including probation, that was imposed for the conviction, whichever is later.

CP § 10-105(c)(6), (8) (emphasis added).

There is no question that appellant would not meet the requirement of "satisfactory completion" of his sentence of probation. *See, e.g.*, *State v. Brown*, 590 S.W.3d 121, 122–24 (Ark. 2019) (Brown was ineligible for expungement because he violated his probation, and therefore, he did not meet the requirement that expungement was permitted upon the "successful completion" of probation.); *Alvey v. State*, 10 N.E.3d 1031, 1033–34 (Ind. Ct. App. 2014) (Where Alvey violated his probation, he was not entitled to expungement because he had not "successfully completed" his sentence, as required by expungement statute); *State v. Ozuna*, 898 N.W.2d 20, 26–27 (Wis. 2014) (A person is entitled to expungement only if he has "successfully completed the sentence," which requires that the

9

person has "satisfied the conditions of probation," and Ozuna did not do so because he violated the conditions of his probation.).

Although the language "satisfactory completion" in CP § 10-105(c) is more definitive, we cannot conclude that the language of CP § 10-110(c)(1), providing eligibility for expungement if the person "satisfies" the sentence, is ambiguous. Requiring that a person "satisfy" the sentence is the equivalent of requiring "satisfactory completion" of the sentence.

To be sure, there is a canon of statutory construction that, "'when a legislature uses different words, especially in the same section or in a part of the statute that deals with the same subject, it usually intends different things.'" *Lawrence v. State*, 475 Md. 384, 406 (2021) (quoting *Toler v. Motor Vehicle Admin.*, 373 Md. 214, 223 (2003)). Here, however, the different language essentially means the same thing. *See Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519, 540 (2013) (There is no "canon of interpretation that forbids interpreting different words used in different parts of the same statute to mean roughly the same thing."). *Accord Bethlehem Steel Co. v. Jackson*, 199 Md. 642, 646 (1952) (Statutory terms "convert" and "commute" were synonymous.). We are not persuaded that the language in CP § 10-110(c)(1) is ambiguous.

Nevertheless, we may look to legislative history to confirm our conclusion regarding the intent of a statute. *See Park Plus, Inc. v. Palisades of Towson, LLC*, 478 Md. 35, 55 (2022) ("We also refer to the legislative history to confirm our understanding of an unambiguous provision."); *Daughtry v. Nadel*, 248 Md. App. 594, 613–14 (2020)

("[W]hether to consider legislative history to confirm a court's interpretation of a truly unambiguous statute is left to the discretion of the court.").

The parties do not provide any legislative history that explains why the General Assembly used the term "satisfies," *see* CP § 10-110(c)(1), as opposed to the term "satisfactory completion," *see* CP § 10-105(c)(6), (8), nor did we find anything.[5] Nothing suggests, however, that the General Assembly desired a different, or more lenient, standard for expungement of the more serious crimes involved in CP § 10-110, as opposed to the more minor, nuisance crimes involved in CP § 10-105(c), or that a person violating a term of probation, which causes the probation to close unsatisfactorily, would be deemed to "satisfy" that sentence of probation.[6]

Based on the plain language of CP § 10-110(c)(1), the language of other statutory provisions, and the legislative history, we conclude that, because appellant violated the

---

[5] The First Reader of 2016 Senate Bill 1005, which as amended became the JRA, did not include any provisions related to expungement. A March 18, 2016 amendment by the Senate Judicial Proceedings Committee, resulting in, among other things, the addition of CP § 10-110, passed the Senate late in the legislative session. *See* https://mgaleg.maryland.gov/2016rs/amds/bil_0005/SB1005_50847601.pdf, available at https://perma.cc/X7BK-S7LX (last visited Aug. 12, 2022). That amendment subsequently was adopted in Conference Committee and enacted by the General Assembly.

[6] In 2022, the General Assembly reduced the time that a person must wait to file for expungement of a conviction of possession with intent to distribute cannabis to "3 years after the person satisfies the sentence or sentences imposed for all convictions for which expungement is requested, including parole, probation, or mandatory supervision." 2022 Md. Laws ch. 26, sec. 5, CP § 10-110(c)(4). This amendment was "'contingent on the passage of Chapter 45 (H.B. 1) of the Acts of the General Assembly of 2022, a constitutional amendment, and its ratification by the voters of the State.'" *Vincent S.*, slip op. at 18 n.9 (quoting 2022 Md. Laws ch. 26, sec. 14). A review of the legislative history of this amendment similarly does not explain the choice of the term "satisfies the sentence" as opposed to the term "after satisfactory completion of the sentence."

11

terms of his probation for his theft conviction, and his probation was closed "unsatisfactorily," he did not "satisfy" the sentence imposed for the conviction for which expungement was requested, as required for eligibility under CP § 10-110(c)(1). The circuit court properly denied appellant's petition for expungement.

**JUDGEMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AFFIRMED. COSTS TO BE PAID BY APPELLANT.**