In the Matter of the Claim of NICHOLAS CRETELLA, Appellant, against NEW YORK DOCK COMPANY et al., Respondents. STATE INDUSTRIAL BOARD, Appellant.

Argued October 6, 1942; decided December 3, 1942.

*John J. Bennett, Jr., Attorney-General* (*Roy Wiedersum* of counsel), for State Industrial Board, appellant. The State Industrial Board properly rescinded the award of 1934 and awarded further compensation to the claimant. (*Matter of Krevac* v. *310 East 55th Street, Inc.*, 287 N. Y. 621; *Neuman* v. *North River Garnet Co.*, 254 App. Div. 793; 279 N. Y. 702.)

*Francis R. Holmes* and *James F. Fouhy* for New York Dock Company, respondent. The decision setting aside the lump sum award of 1934, was made upon a ground which was not an issue before the referee which was unsupported by any proof and was wholly improper under the Workmen's Compensation Law (Cons. Laws, ch. 67). (*Matter of Kolodick* v. *General Electric Co.*, 260 N. Y. 461.) The liability of the respondent, New York Dock Company, was ended by the lump sum settlement of 1934, and any award made after that time would of necessity have had to be made against the Special Fund for Reopened Cases under section 25-a of the Workmen's Compensation Law. (*Matter of Tipton* v. *Lang's Bakery, Inc.*, 250 App. Div. 696; 275 N. Y. 572; *Matter of Miller* v. *Pierson & Williams*, 227 App. Div. 675; 253 N. Y. 541; *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry, Inc.*, 257 App. Div. 37; 282 N. Y. 466.)

DESMOND, J. The Industrial Board has reopened this workmen's compensation proceeding, has made a new award to claimant of $18.46 per week, based on a finding that he is totally and per-

manently disabled, and has " rescinded in the interests of justice " a " lump sum settlement " in the amount of $3,300 which the Board had approved in 1934. This full amount of $3,300 had been paid to claimant, part in a lump sum and part at the rate of $12 per week, all as ordered by the Board in 1934, and the Board has ordered that the self-insurer have credit for this sum of $3,300 against the new award which is made retroactive to September 1, 1937. Neither the total amount of the 1934 " settlement " nor the amount or number of the weekly installments in which it was paid bear any apparent relation to claimant's wage rate before the accident, or to the actual or probable duration of his disability. In other words, the directions of the statute as to the computation of the amount to be awarded a claimant, based on previous wages and on character and extent of disability, were not complied with in the 1934 decision. The attempt was to compromise the injured worker's claim by agreement, as if he were asserting a common-law cause of action. The Appellate Division, being of the opinion that this fully-executed " settlement " is binding and entitled to enforcement by the courts, has reversed the decision whereby the Board rescinded it.

The Workmen's Compensation Laws of certain other states (see for example Revised Statutes of New Jersey, vol. 2, 1937, 34:15–40, and General Statutes of Connecticut, § 5247) contain provisions authorizing the compromise of claims under those laws. The New York State Workmen's Compensation Law (Cons. Laws, ch. 67) does not so provide. Our statute does empower the Industrial Board, in certain situations, to " commute " periodical payments to one or more lump payments (§ 25). Such a commutation, however (although sometimes called a " lump sum settlement "), is not a determination of amount by agreement of the parties, but is a mathematical computation of the present value of a series of future payments, which future payments are fixed as to amount and fixed or calculable as to number or probable number. True it is that our Compensation Law does not in terms prohibit " settlements," but, in view of the obvious and well-known policy and intent of the whole statute and in view of sections 32 and 33, which forbid any waiver by a claimant of his right to compensation or any release by him of benefits due, such an express prohibition of " settlements "

was probably thought by the drafters to be unnecessary. We hold that there can be no valid compromise of the amounts due a claimant under this law.

Even in the states which permit " voluntary agreements " compromising workingmen's compensation claims, little finality is accorded to such treaties though approved by the official or body administering the law. The Connecticut Supreme Court of Errors recently held (*Sugrue* v. *Champion*, 128 Conn. 574) that the effect of any " purported release " of the employer from payment of the full amount due under the act " is restricted within limits unknown to the common law " and that an award based on such a settlement can be reopened and revised by the commissioner on a showing of increased incapacity, change in conditions or mutual mistake. In New Jersey, similarly, it is held (*Stroebel* v. *Jefferson Trucking & Rigging Co.*, 125 N. J. L. 484) that a " settlement," though approved by the compensation bureau, does not prevent a later reopening of the claim if the amount paid was less than was due under the statute.

Procedural questions also are raised here by the self-insuring employer as to the power of the Industrial Board to reopen, in 1940, the 1934 " settlement." The employer asserts that there was no proof before the Board in 1940 of " a change in condition " of the claimant (see Workmen's Compensation Law, § 15, subd. 6-a). But subdivision 6-a of section 15 permits reclassification of a disability also on proof " that the previous classification was erroneous and not in the interest of justice " and it is upon these latter grounds, and not on the ground of a change in condition, that the Board has based its new award and its rescission of the 1934 " settlement." This claimant had been injured in 1928, and in 1928 and 1929 had received from the Board a number of awards, each of which, from its amount and period of coverage, was obviously for a partial, temporary disability and each of which awards thus necessarily implied a finding of temporary partial disability. In 1930 the Board, after hearings, made a decision approving a " lump sum settlement of $3,000 in addition to payments made," but there was no finding at that time as to the extent or probable duration of claimant's disablement, and no finding on those questions can be implied from the authorization of a " lump sum settlement." The

same must be said as to the second "lump sum settlement" of $3,300, ordered by the Board in 1934, and directed by the Board to be paid: $810 cash down and the balance at $12 per week, the rescission of which "settlement" is here under review. Since neither of these attempted "settlements" involves any classification of claimant's disability, the only classifications discoverable here are those of partial, temporary disability implicit in the 1928 and 1929 awards above referred to. Those 1928–29 classifications were "erroneous and not in the interest of justice" since the Board has now found on sufficient proof that claimant is permanently totally disabled as a result of the 1928 accident. In a situation like this, section 15, subdivision 6-a, of the Workmen's Compensation Law permits reclassification "at any time, without regard to the date of accident."

The award here appealed from was properly made payable by the self-insurer and not by the "Special Fund for Reopened Cases" described in section 25-a of the act. That section, as applied to the facts here, authorizes an award against the fund only when the proceedings are reopened more than three years after "the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate which is warranted by the employee's earning capacity." It can readily be demonstrated mathematically that the date to which the amount of the 1934 "settlement" here would carry periodical payments at the maximum rate applicable to claimant is within three years of the date when these proceedings were reopened in 1940.

The order of the Appellate Division should be reversed and the decision and award of the State Industrial Board affirmed, with costs in this court and in the Appellate Division. (See 289 N. Y. 848.)

LEHMAN, Ch. J., LOUGHRAN, FINCH, RIPPEY, LEWIS and CONWAY, JJ., concur.

Ordered accordingly.