An employer and its insurance carrier appeal from a decision and award made by the Workmen’s Compensation Board awarding compensation to claimant for reduced earnings in a reopened case, with $1,150 credit thereon to appellants which was allocated in accord with the formula set forth in subdivision 7 of section 25-a of the statute (Workmen’s Compensation Law), and as so allocated advanced appellants’ last payment of compensation to within three years of the reopening. A prior award of disability compensation made to claimant in April, 1943, foi *1070 injuries sustained in 1940, was rescinded by the board for lack of proof of causal relation and the case was restored to the calendar for further available proof as to causal disability in the period September 2, 1940, to January 14, 1942. After further hearings in the matter a so-called nonschedule adjustment or settlement was consummated, with referee approval, whereby appellants paid claimant $1,150 for “all past, present and future” disability arising from the 1940 accidental injuries, and the case was closed. This was at a hearing held November 15, 1943, at which time claimant’s attorney stated he could furnish no further evidence as to causal relation for the September 2, 1940, to January 14, 1942 period of disability. Thus the question as to whether claimant suffered compensable disability during the period September 2, 1940 to January 14, 1942, was never decided. The ease was reopened in July, 1948, to consider the question of such disability subsequent to the date of the non-schedule adjustment, and the consequent award which is appealed from extends the credit of the proceeds of the nonschedule adjustment from the date it was made. When the ease was 1’eopened there was no occasion for the board to reconsider the matter which had been set at rest as a consequence of its prior decision which had rescinded the earlier award. The nonschedule adjustment, then not recognized by any statutory provision, was not binding upon claimant as regards a reopening of his claim, and when reopened and an award made, the allocation of the credit of the proceeds of the said adjustment was lawfully made pursuant to the formula stated in subdivision 7 of sectiqn 25-a. (Matter of Cretella v. New York Dock Co., 289 N. Y. 254.) Award and decision unanimously affirmed, with costs to the Workmen’s Compensation Board. Present — Foster, P. J., Brewster, Deyo, Bergan and Coon, JJ.