In the Matter of the Claim of ARTHUR SAYRES, Respondent, against AUGUST FEINE & SONS Co. et al., Respondents, and. SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, March 31, 1954.

*John M. Cullen* for appellant.

*Morgan F. Bisselle* and *Warren C. Tucker* for August Feine & Sons Co. and another, respondents.

*Nathaniel L. Goldstein, Attorney-General,* for Workmen's Compensation Board, respondent.

IMRIE, J. Claimant was injured May 12, 1939. On May 3, 1940 the State Industrial Board made a schedule award for permanent partial disability for 90% loss of use of his right arm and 35% loss of use of his right leg, in addition to a period of protracted temporary total disability, in total 400.1 weeks, and closed the case. The award included compensation due to May 11, 1940, and for 348 weeks into the future. At claimant's request payment of a lump sum of $2,800 advance from the tail end of the schedule award was approved November 20, 1942, and the payment made April 20, 1943. The record contains a request for an actuarial computation and the actuary's note that " A lump sum advance of $2,800 as of 11/29/42 entitles the carrier to deduct 195.38 weeks from the end of the award."

On December 2, 1949, more than seven years after the accident, claimant applied for a reopening of his claim. The reopening was allowed January 5, 1950, the Workmen's Compensation Board's memorandum decision stating that the question of disability due to the back condition was not finally disposed of. The decision also included the statement, " The schedule award covering 348 weeks runs to May 3, 1947 and three years therefrom do not expire until May 3, 1950." Subsequently, in a decision reversing the referee, the board awarded claimant compensation charged against the Special Fund for Reopened Cases under section 25-a and discharged the carrier. The decision reads, in part, " Upon review the Board finds that the provisions of Section 25-a (7) relative to the allocation of lump sum settlements does not apply to accelerated payments of

a schedule award, but only to settlements effected in accordance with Section 15, subdivision 5b of the law. Inasmuch as the last payment of compensation was made herein on April 20, 1943 there has been a lapse of more than three years prior to the filing of the claimant's application for reopening; as there has also been a lapse of more than seven years from the date of accident the Special Fund for Reopened Cases under Section 25-a must be held liable and the carrier relieved of liability. The Board so finds.''

The Special Fund has appealed to this court from the decision and award, and for review of the referee's decision. It contends that subdivision 7 of section 25-a of the Workmen's Compensation Law was not originally intended to apply only to lump sum settlements under subdivision 5-b of section 15, a provision of statute not existing in 1942, but applies to any lump sum settlement of whatever nature.

Subdivision 5-b of section 15 was inserted in the law by chapter 778 of the Laws of 1945. *Matter of Cretella* v. *New York Dock Co.* (289 N. Y. 254), decided December 3, 1942, subsequent to the approval of the lump sum settlement in this case, ruled that periodical payments could be commuted to one or more lump sum payments (§ 25) but that there could be no valid compromise of the amounts due a claimant under the Workmen's Compensation Law. Subdivision 5-b of section 15 contains no specification that it is retroactive, nor is there any apparent reason for treating it as designed to restore the *status quo ante* with respect to prior settlements effected other than on the basis of commutation under the terms of section 25.

The substance of subdivision 7 became a part of section 25-a by chapter 482 of the Laws of 1935 and was set up in its present form by chapter 686 of the Laws of 1940. It antedated subdivision 5-b of section 15 by some ten years. Thus (see *Matter of Cretella* v. *New York Dock Co., supra*, p. 258) it was then applicable in the consideration and treatment of any lump sum payment then permissible under the law. The subdivision makes no distinction between types of lump sum payments. It reads now as it did before the enactment of subdivision 5-b of section 15.

Section 25-a provides the scheme for reopened cases and is the parent of the Special Fund. In cases such as this, liability of the fund attaches only when the reopening is '' after a lapse of seven years from the date of the injury or death and also a lapse of three years from the date of the last payment of compensation ''. (Subd. 1, par. [2].) Subdivision 7 provided

a means for determining " the date of the last payment of compensation ". Assume, *arguendo,* subdivision 5-b of section 15 to be retroactive and a device to reinstate in full flower all lump sum payments falling under the ban of *Matter of Cretella* v. *New York Dock Co.* (*supra*). Still, it is not realistic to assume that the Legislature intended that, after 1945, subdivision 7 was to be read out of its natural and actual context in such a manner as to modify indirectly the existing limitations affecting liability of the Special Fund. As a portion of the procedure for determining the liability of the Special Fund for Reopened Cases, subdivision 7 has general application to all lump sum payments.

The 1942 adjustment with claimant was then referred to as a lump sum advance. However designated, it represented payment of compensation on a schedule award for loss of use of an arm and a leg, payable over a specified period of weeks. Section 25 then, as now, authorized commutation in one or more lump sum payments, the commutation to be made as provided in section 27. The period over which payments were directed to be made to claimant would have continued until a time well within the three-year period prior to the filing of the application for reopening. In fact, the board has rescinded the former award, reduced the weekly payment and allocated payments of the carrier in such a manner as to relieve the Special Fund of liability until May 19, 1952, more than two years after the actual reopening of the case.

The conditions to establish the liability of the fund have not been met. The " date of the last payment of compensation " on the basis of the original award was within three years of filing the application for reopening.

In *Matter of Pascucci* v. *Kennedy Constr. Co.* (270 App. Div. 83, motion for leave to appeal denied 295 N. Y. 991), which dealt with the question of liability of the Special Fund for Reopened Cases under section 25-a, Mr. Justice FOSTER said (p. 87), " Liability against the Fund for Reopened Cases, under section 25-a, arises only under the precise conditions set forth in that section, and if these conditions are not met there can be no liability against this fund simply because an additional benefit is allowed after a commuted award has been paid into the Aggregate Trust Fund under section 27. The board has found that the conditions necessary to establish liability against the Fund for Reopened Cases were not presented in this claim. This determination rested upon the theory that the commuted award made in the proceeding was essentially the same as if a

lump sum payment was directed under section 25 of the Workmen's Compensation Law. The manner of computation is the same. In fact section 25 provides that a lump sum payment shall be computed according to the method prescribed in section 27, and this direction would seem to support the board's view that a commuted award is essentially the same as a lump sum payment. Under that theory the date of the last payment of compensation by the carrier was the date on which the last payment would have been made if the award had not been commuted, or the same date on which the Aggregate Trust Fund made the last payment herein, which was November 9, 1942, less than three years prior to the reopening of the case. In reaching this conclusion the board applied the amendment to section 25-a (L. 1935, ch. 482) which provided that where a lump sum payment is made, the date of the last payment is fixed as the date when the last payment would have been made if there had been no commutation.''

The decision and award should be reversed and the matter remitted to the Workmen's Compensation Board for action not inconsistent with this opinion.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Decision and award reversed and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent with the opinion herein, with costs against the respondents, August Feine & Sons Co. and Utica Mutual Insurance Company.