In the Matter of the Claim of JOSEPH COURTEAU, Respondent, against BUFFALO FLOUR MILLS, INC., et al., Appellants, and SPECIAL FUND FOR REOPENED CASES, Respondent, et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal from that part of a decision and award which discharged the Special Fund for Reopened Cases from liability and assessed the award made against the employer and the appellant American Motorists Insurance Company. Claimant was injured in an industrial accident on April 29, 1942, and sustained a ruptured intervertebral disc which necessitated an operation. He returned to work on September 14, 1942. He was given an award for temporary total disability during that period and such award was paid. Apparently he continued to have some difficulty and on May 24, 1943, the board approved a lump sum settlement for $250. This amount was paid and the

case was marked closed. The case was reopened on April 8, 1952. After the case was reopened the referee made an award of compensation for the period from May 5, 1950, to September 2, 1952. He held however that the lump sum settlement in the amount of $250, awarded May 24, 1943, had been expended prior to April 8, 1949, that is three years before the date of the reopening of the case, and hence charged the award against the Fund for Reopened Cases pursuant to section 25-a of the Workmen's Compensation Law. The board modified the referee's decision by holding that the lump sum settlement had not been expended on April 8, 1949, and thereupon discharged the Fund for Reopened Cases and charged the award against the employer and insurance carrier. Between the date of the original injury and the time when the case was reopened claimant sustained two other accidents. The board ultimately held however that such accidents were merely temporary exacerbations of the original accident resulting only in short periods of disability which were chargeable against each occurrence. The board then found claimant to have a residual disability fixed at 75% which was chargeable to the original accident, and it was for such disability that the award appealed from was made. The only issue between the parties is whether this award should be paid by the employer and its carrier or charged to the Fund for Reopened Cases. It is clear that when a lump sum payment is involved the date of the last payment, for the purpose of determining the liability of the Fund for Reopened Cases, shall be considered the date to which the amount paid in the lump sum settlement was extended if the award had been made on the date the lump sum paid was approved, at the maximum compensation rate to which the employee was entitled (*Matter of Cretella* v. *New York Dock Co.*, 289 N. Y. 254). A statement and computation of wages earned and the amount of reduced earnings has been submitted by the Attorney-General in behalf of the board. The appellants have several objections to this statement, one of which we think is valid. From March 10, 1947, to April 14, 1947, the claimant had no earnings as indicated on the statement. This involved a period of six weeks for which the board has computed compensation at the sum of $8.33 a week. Appellants argue that the proper rate for each of those weeks is $25 per week. We can find no substantial evidence to sustain the computation of the board in this respect. It is said that the parties stipulated that one third of the residual disability was to be charged to each accident; and further that at one time the appellants here contended the rate should be $16.90 for each week. However this may be, the board's ultimate decision rendered those matters irrelevant, for the board finally found that the residual disability should be charged wholly against the first accident and the other periods of disability should be chargeable against each occurrence separately. In the light of that final decision the figure of $8.33 a week was erroneous and had no evidence to sustain it. It should have been fixed as the appellants contend at the sum of $25 for each week. Based on the latter figure it would appear that the lump sum settlement of $250 had been expended prior to April 8, 1952. Decision and award reversed, and matter remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board. Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ., concur.