In the Matter of the Claim of Sheldon Rilitz, Respondent, against Blumenthal Brothers et al., Appellants. Workmen's Compensation Board, Respondent.—Appeal by employer-carrier from finding of the board that claimant was a permanently totally disabled child and that the Special Fund under Section 25-a was not liable for payments. The deceased, father of claimant, died as a result of an industrial accident on May 31, 1935, survived by a widow and two dependent children, one of whom was the claimant. On September 24, 1935 a finding was made as follows: "The *present value* of the above award is $10,513.14 as of 10/30/35 under Section 27 for payment into the Aggregate Trust Fund" to be paid as follows:

| Name | Relationship | Date of Birth | Percentage | Rate per week |
|------|--------------|---------------|------------|---------------|
| Berdie B. Rilitz | Widow | 11-28-96 | 30 | 10.386 |
| Sheldon S. Rilitz | Child | 9-29-18 | 10 | 3.462 |
| Burt Z. Rilitz | Child | 10-6-24 | 10 | 3.462. |

Accordingly payment was made to the claimant, Sheldon, until September 29, 1936 and to his brother Burt until October 6, 1942, the dates of their respective 18th birthdays. The widow continued receiving benefits until her death on August 4, 1954 and the case was closed on November 15, 1954, by paying all accruals to the date of death to her administrator. Thereafter and on *November 24, 1954* an application was filed on behalf of the claimant — the son Sheldon — to reopen the case to determine whether he was entitled to further benefits

as a permanently, totally disabled child in accordance with subdivision 1-a of section 16 of the Workmen's Compensation Law. The claimant produced testimony which the board found established that since infancy, he, the claimant, had suffered from " spastic paraplegia " which, together with a mental deficiency, brought him within the intent of the above section as of the time of his father's death, May 31, 1935. The record discloses that pursuant to a court order he was on July 13, 1936 — approximately a year after his father's death — committed to the Wassaic State Hospital operated by the Department of Mental Hygiene of the State of New York. The hospital report on admittance stated a mental deficiency and physical classification-speech defect, spastic paresis of legs, pes cavue (abnormal hollowness of the sole of the foot). In September, 1937 he was described as suffering from paraplegia. In a report of the Chief of the Cerebral Palsy Clinic from the records of the Hospital of Special Surgery where claimant was a patient, dated March 7, 1955, the doctor stated: " He presented a spastic paraplegia of considerable degree, present since birth. * * * He was considered to be totally and permanently disabled as regards productive employment." Why this claim was not presented at the time of the original hearing or during the lifetime of his mother is not shown but the record as a whole is amply sufficient to sustain the factual finding of the board that as of the date of his father's death, the claimant was permanently and totally disabled within the meaning of the law. The carrier states that in any event it is not liable for payment as there was a lapse of more than seven years since the date of his father's death and more than three years since the date of the last payment of compensation to claimant — the time requirement of the section — and thus the carrier is discharged of further responsibility and transfers the liability for payments to the Special Fund under Section 25-a. There was no dispute as to the seven-year period and while more than three years have lapsed since payment to the claimant, more than three years *have not* lapsed since the last payment to the claimant's deceased mother. The question then concerns the interpretation to be given to an award of death benefits. There was only one compensation claim here resulting from the death of the wage earner of the family and the amount awarded was the present value as of a stated date. The mathematical computation of the amount due to be deposited in the Aggregate Trust Fund was never intended to be the final factor in determining the rights of the dependents to benefits nor operate as a statute of limitations against any of the dependents until the final payment of compensation in the death award. The notice of decision did not state that the case was closed. The claim on behalf of the disabled son was made within three years of the last payment of compensation under the original death claim and suffices to meet the mandate of the statute. It could have rightly been made at the time of the original death benefits or at any time during payment of compensation to the claimant or his mother. Being made within three years thereafter relieves the Special Fund of liability. While it is a case of first impression, decisional law is in support of such extension as found by the board. In *Matter of Branciforte* v. *Kohnstamm & Co.* (272 App. Div. 855) a death claim, an award of benefits to a crippled child was made during the lifetime of the mother on the ground the original claim was still open and the statutory period of limitations had not begun to toll. If this be so, then all we are doing here is to say that the claim herein, made within three years of the last payment of compensation to the mother, was timely, which seems like a logical and reasonable conclusion. In *Matter of Pascucci* v. *Kennedy Constr. Co.* (270 App. Div. 83) the crippled child was the last recipient of the benefits in the death case and within three years after the last payment applied for benefits because of after discovered physical condition.

While factually different, it was found section 25-a was not liable and tends to support the present theory as to death benefits. Such is the holding as to lump-sum compensation settlements. (*Matter of Sayres* v. *Feine & Sons Co.*, 283 App. Div. 547.) We accordingly hold that although more than seven years have lapsed since the accident, as to the additional necessity of three years since the last payment of compensation that here, in a death case, the application on behalf of the infant, made within three years of the last payment of compensation to his deceased mother, was timely and the liability is that of the carrier and not the Special Fund under Section 25-a. Decision and award of the Workmen's Compensation Board unanimously affirmed, with costs against the appellants to be divided equally between the Workmen's Compensation Board and the Special Fund under Section 25-a. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.