In the Matter of the Claim of LELAND WOOD, Respondent, v. ALBANY COUNTY HIGHWAY DEPARTMENT et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Claimant suffered a back injury in November, 1937 and the Workmen's Compensation Board approved a lump sum nonschedule settlement of $2,500 on May 21, 1951. On March 16, 1960 almost nine years later claimant sent a letter to the board requesting the claim be reopened. The board reopened the claim and after hearings discharged the Special Fund. This was done on the theory that at the rate of $8.04 per week projected to the extent of the lump sum settlement, the last payment of compensation would be May 8, 1957. (Workmen's Compensation Law, § 25-a, subd. 7.) This date was within three years of the claimant's letter of March 16, 1960 requesting the reopening of his claim. If the application was in conformity with the statute the Special Fund was properly discharged. Appellant argues that the application was not accompanied by medical proof and was therefore insufficient. The letter of claimant to the board states that he was "writing you to see if the Board will consider opening my case again, my condition gets worse all the time and it is getting to be a problem to try and work to make end [*sic*] meet." A medical report was sent but was not received until May 9, 1960, one day after three years from the projection of the lump sum payment to May 8, 1957. But the statute does not require medical proof be submitted with an application to reopen. Subdivision 1 of section 25-a, dealing with time limits does not require an applicant to show that the application has medical merit; it provides merely a fixed date for "application for compensation" after which the Special Fund becomes liable. We hold, as the board did, that claimant made a sufficient application which was timely. (*Matter of Schun* v. *U. S. O. Camp Shows*, 11 A D 2d 829, motion for leave to appeal denied 8 N Y 2d 709.) Appellants also argue for a narrower construction of the term "eight years from the date of the last payment of compensation" in section 123, which creates an over-all Statute of Limitations in cases where the original injury occurred 18 years before

application. But the term "eight years from the date of the last payment of compensation" in that section should be given a consistent construction with that coming within section 25-a. (See *Matter of Sayres* v. *Feine & Sons Co.*, 283 App. Div. 547.) Decision and award unanimously affirmed, with costs divided between the Workmen's Compensation Board and Special Funds Conservation Committee. Present — Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.