In the Matter of the Claim of PATRICK KENNEY, Respondent, v. WALSH CONSTRUCTION Co., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

In the Matter of the Claim of MARY YURIVICH, Respondent, v. SANS SOUCI NURSING HOME et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 22, 1971.

32

*Herbert Lasky* (*Joseph F. Manes* of counsel), for Walsh Construction Co. and another, appellants.

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent in first above-entitled case.

*William Doblin* for Patrick Kenney, claimant-respondent.

*Herbert Lasky* (*Louis Busell* of counsel), for Sans Souci Nursing Home and another, appellants.

*Louis J. Lefkowitz, Attorney-General* (*Julius Fell* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent in second above-entitled case.

*Markhoff, Gottlieb, Lazarus, D'Auria & Maldonado* for Mary Yurivich, claimant-respondent.

*Per Curiam.* These are appeals from separate decisions of the Workmen's Compensation Board, both of which held that the employers and their respective carriers were not entitled to credit for lump-sum settlements made pursuant to subdivision 5-b of section 15 of the Workmen's Compensation Law.

*Matter of Kenney* v. *Walsh Construction Co.*

Claimant was employed as a tunnel worker and contracted caisson disease as a result of working under compressed air. On October 23, 1959 he received a lump-sum award of $6,500, pur-

suant to the provisions of subdivision 5-b of section 15 of the Workmen's Compensation Law, based upon a finding of partial permanent disability allocated at the rate of $20 per week reduced earnings. Claimant continued to work although for a different employer and performing different duties. The pre-award average weekly wage was established at $60 per week and he has never earned less than that at his subsequent job.

In June, 1968 claimant stopped working entirely due to a worsening of his underlying caisson disease. At his request, the case was reopened and the Referee found on medical evidence that there had been a change in claimant's physical condition warranting a finding of an increased disability from June, 1968 entitling claimant to an award of $30 per week. The Referee held that the employer and the carrier were " to take credit for the lump sum ". On review, the board held claimant had suffered an increased disability and affirmed the Referee, except that it held that the carrier was not entitled to adjustment for the lump-sum settlement and allocated it to January 10, 1966.

## Matter of Yurivich v. Sans Souci Nursing Home

Claimant, employed as a licensed practical nurse, injured her back in January, 1962, and in May, 1962 underwent a surgical procedure to repair a herniated disc. She made a claim for partial disability which resulted, in November, 1965, in a lump-sum settlement in the amount of $3,000 pursuant to subdivision 5-b of section 15 of the Workmen's Compensation Law, allocated at $20 per week reduced earnings. Subsequent to that award claimant became a medical stenographer and worked from 1966 until January of 1969 when she was forced to stop work because of a " change in condition " in her back traceable to the 1962 injury. She applied for and had her case reopened (see Workmen's Compensation Law, § 15, subd. 5-b). The case was placed on the calendar and a Referee ruled that periodic payments at $20 reduced earnings should be paid by the employer and its carrier, with no credit for the lump-sum payment of $3,000 made in 1965. The Workmen's Compensation Board affirmed, holding that " a lump sum settlement cannot be indefinitely extended by excluding weeks during which claimant worked at pre-injury wages ".

In both cases the dispositive issue is whether a carrier in a reopened case in which a new award of continuing compensation is made is to be allowed credit for a lump-sum settlement when post-disability earnings have exceeded pre-disability earnings. The appellant insurance carriers argue that the court should find that the allocation of the settlements be extended by exclud-

ing those weeks during which pre-injury wages were earned. Their contention is that since claimants never suffered out-of-pocket reduction in earnings due to their respective disabilities the lump-sum settlements intended to prevent such losses should be credited against the new, increased awards.

Nonschedule adjustments in the form of lump-sum settlements, such as those involved in the present cases, are permitted in the interest of justice and may be approved by the Workmen's Compensation Board only when it is found that the adjustments are fair and in the claimants' best interest (Workmen's Compensation Law, § 15, subd. 5-b). When such a settlement is made and approved a carrier's liability exists until such time as the settlement amount is paid, as if paid out of the weekly reduced earnings rate set by the board. (See Workmen's Compensation Law, § 15, subd. 5-b; § 25-a; *Matter of Schneider* v. *Bruckner Beverages,* 23 A D 2d 512, mot. for lv. to app. den. 15 N Y 2d 485.) This court has held, in cases involving disputes between carriers and the Special Fund under subdivision 7 of section 25-a of the Workmen's Compensation Law, that a lump-sum settlement cannot be indefinitely extended by excluding weeks during which claimant worked at pre-injury wages. (See *Matter of Schneider* v. *Bruckner Beverages, supra*; *Matter of Weyzk* v. *Town of Stafford,* 8 A D 2d 560, 561, revd. on other grounds 7 N Y 2d 121; *Matter of Primus* v. *Continental Forge & Tool Co.,* 7 A D 2d 178, 182.) There is no reason why this rule should not be followed with respect to carriers generally.

One of the reasons for approving lump-sum settlements is that they are often therapeutic, in that subsequent to receiving an award a claimant may secure employment, or become self-employed. It appears that in both of these cases such therapeutic result did in fact occur, with claimants becoming rehabilitated, except that at a later time the original condition so changed as to prevent the earning of pre-injury wages.

When a carrier agrees to a lump-sum nonschedule adjustment it does so because it believes such an agreement will be advantageous, but knowing that a subsequent change in claimant's condition or in the degree of disability can result in a reopening of the case. If thereafter the case is reopened, there is presented no basis, in statute or decisional law, for allowing any adjustment to the carrier because of earnings by the claimant during the period in which the lump-sum award was in existence.

The appellant in *Matter of Kenney* cites two cases, *Matter of Cretella* v. *New York Dock Co.* (289 N. Y. 254, mot. for lv. to rearg. den. 289 N. Y. 848) and *Matter of Gluck* v. *Grade A Foods Corp.* (20 A D 2d 607, mot. for lv. to app. den. 14 N Y 2d 481),

in support of its argument in favor of allowing a credit. The *Cretella* case involved a retroactive award. An obvious inequity would have resulted if the credit were not allowed in that case. The *Kenney* case is an increase in the award from the 1968 award due to a change in disability, not a retroactive award with the possibility of double payment. The language relied upon by appellant in the *Gluck* case was dicta not necessary to the decision.

Implicit in our decision in these cases is that the basis for computation of the time over which a lump-sum settlement pursuant to subdivision 5-b of section 15 of the Workmen's Compensation Law extends, is the amount of the award divided by the rate applicable for the degree of disability found on the date of approval of such award (*Matter of Weyzk* v. *Town of Stafford*, 7 N Y 2d 121, 124, *supra*; *Matter of Schneider* v. *Bruckner Beverages*, 23 A D 2d 512, 513, *supra*). There is no need to consider future earning capacity of the claimant at the time of the award, nor actual earning capacity subsequent to approval of the award.

The decisions should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, P. J., GREENBLOTT, COOKE, SWEENEY and SIMONS, JJ., concur.

Decisions affirmed, with costs to the Workmen's Compensation Board.