■ In the Matter of the Claim of HAROLD CORNELIUS, Appellant, v NISSEQUOGUE FIRE DISTRICT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [675 NYS2d 217] —Appeal from a decision of the Workers' Compensation Board, filed March 7, 1997, which, *inter alia*, ruled that the reopening of the claim was barred by Workers' Compensation Law § 123.

Claimant, a former volunteer firefighter, was injured on July 15, 1974 and was awarded benefits for an injury to his right ankle. Claimant received his last payment of benefits on January 7, 1976. By letter dated June 19, 1992 and filed June 22, 1992, claimant requested a reopening of his claim based upon, *inter alia*, an increase in his disability. The Workers' Compensation Board sent a letter to claimant explaining that he had 20 days to provide a medical report that established a causal

relationship between his increased need for treatment and the prior injury. Claimant provided the Board with the medical report by a letter filed July 29, 1992. The Workers' Compensation Law Judge concluded that claimant was barred from any additional benefits because his application to reopen his claim was made more than 18 years after his accident and eight years after his last payment of benefits. The Board affirmed the decision and this appeal ensued.

Workers' Compensation Law § 123 states that no claim for compensation can be made where the application to reopen is made more than 18 years from the date of the injury and eight years from the date of the last payment of benefits. In this case, eight years had expired from the date claimant received his last payment of benefits. The Board concluded that claimant's application was not complete until he submitted the medical report, which was not filed until July 29, 1992, and that his application was therefore untimely since it was also more than 18 years from the date of the injury. We disagree, however, with the Board's conclusion that claimant's application to reopen his claim was not complete until the Board received the medical report. While 12 NYCRR 300.14 (b) provides that a verified medical report must be submitted in connection with allegations of a change in a medical condition, we do not interpret this to require that a medical report must be filed with an application to reopen in order to make the application complete for the purposes of determining whether it was timely pursuant to Workers' Compensation Law § 123 (see, Matter of Wood v Albany County Highway Dept., 18 AD2d 743, affd 13 NY2d 742). Claimant's application was filed on June 22, 1992, within 18 years of his accident, and the fact that claimant submitted a medical report after 18 years had expired does not render his application untimely. Accordingly, the Board's decision is reversed.

Cardona, P. J., Mercure, Crew III, Peters and Spain, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.