In the Matter of the Claim of JOSEPHINE PASCUCCI, on Behalf of ROBERT DONNO, a Child over Eighteen Years of Age, Respondent, against WILLIAM KENNEDY CONSTRUCTION CO. et al., Appellants.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 14, 1945.

*Jeremiah F. Connor,* attorney for appellants.

*Nathaniel L. Goldstein, Attorney-General (Orrin G. Judd, Solicitor-General; Roy Wiedersum* and *Isaac Frank, Assistant Attorneys-General* of counsel), for Workmen's Compensation Board, respondent.

FOSTER, J. This is an appeal by an employer and insurance carrier from an award for additional death benefits to a dependent crippled child of the decedent, pursuant to the provisions of subdivision 1-a of section 16 of the Workmen's Compensation Law. The facts are not in dispute, and the only question involved is whether the new award should have been made against the Fund for Reopened Cases, provided for in section 25-a of the Workmen's Compensation Law.

On April 1, 1932, the decedent died as a result of injuries received in an industrial accident. He left him surviving a widow and three minor children. Robert Donno, one of his children, is the only person with whom we are concerned on this appeal. He was born November 8, 1924, and therefore became eighteen years of age on November 8, 1942.

An award of death benefits was made on June 25, 1932, by the State Industrial Board for the benefit of the widow, and the three minor children until they became eighteen years of age. On May 29, 1936, and upon the application of the carrier, this award was commuted as permitted by section 27 of the Workmen's Compensation Law, and the carrier was directed to pay into the Aggregate Trust Fund the commuted sum of $8,876.03. As of July 3, 1936, the Aggregate Trust Fund was directed to make periodical payments to the widow and to the infant, Robert Donno, the other infants having by that time reached the age of eighteen years. No mention or provision was made in the original or commuted award of any claim on behalf of Robert Donno as a dependent crippled child, and as a matter of fact the record indicates that no one knew at either time of his unfortunate condition. Subsequently it was discovered that his physical condition was such as to permanently disable him.

After the payment of the commuted award into the Aggregate Trust Fund in 1936 periodical payments were made for the benefit of Robert Donno until he reached his eighteenth birthday on November 8, 1942. In the meantime his mother had died on November 30, 1938, and thereafter a guardian was

appointed for him. She appeared at the office of the Department of Labor on December 28, 1942, and reported that the infant claimant was incompetent, and requested additional compensation for his benefit. The case was restored to the calendar and on a subsequent hearing the physical condition of the claimant was shown. The insurance carrier later indicated that it was not in a position to contend that the claimant was not totally and permanently disabled, but it raised the point that any new award should be made against the Fund for Reopened Cases. The Industrial Board declined to adopt the contention of the carrier and made an extensive set of amended findings of fact and rulings of law, culminating in a decision that the provisions of section 25-a of the Workmen's Compensation Law were not applicable and that the Fund for Reopened Cases was not liable for the new award. An additional award was fixed at the sum of $6,178.27, which the carrier was directed to pay into the Aggregate Trust Fund in addition to the sum of $8,876.03 already paid into that fund in 1936.

Briefly, it is the contention of appellants that the new award should have been made against the Fund for Reopened Cases, because at the time the case was reopened more than seven years had elapsed since the date of the accident and more than three years since the last payment of compensation. They also rely upon that part of section 27 of the Workmen's Compensation Law which provides in part that upon payment into the Aggregate Trust Fund of an amount equal to the present value of all unpaid death benefits or other compensation under the award, the employer or insurance carrier shall be discharged from further liability in connection with such death benefits or other compensation, and payment of the same shall be assumed by the Aggregate Trust Fund.

The board has found that since the original award did not include any benefits for claimant as a dependent crippled child the release from liability as provided in section 27 did not apply. In other words that the release of liability following the payment of a commuted award extended only to liability covered by the original award and the matters therein concluded. We think that this interpretation by the board was correct. The Aggregate Trust Fund is merely the sum total of lump sum payments, computed actuarily, to take care of specific awards that have been commuted. Obviously there is not and cannot be any surplus in this fund to take care of any new eventuality or claim not included in the original award. It must follow that if a new claim is made concerning a condi-

tion not covered by the original award any new award made in connection therewith must be either against the employer, the carrier, or the Fund for Reopened Cases.

Liability against the Fund for Reopened Cases, under section 25-a, arises only under the precise conditions set forth in that section, and if these conditions are not met there can be no liability against this fund simply because an additional benefit is allowed after a commuted award has been paid into the Aggregate Trust Fund under section 27.

The board has found that the conditions necessary to establish liability against the Fund for Reopened Cases were not presented in this claim. This determination rested upon the theory that the commuted award made in the proceeding was essentially the same as if a lump sum payment was directed under section 25 of the Workmen's Compensation Law. The manner of computation is the same. In fact section 25 provides that a lump sum payment shall be computed according to the method prescribed in section 27, and this direction would seem to support the board's view that a commuted award is essentially the same as a lump sum payment. Under that theory the date of the last payment of compensation by the carrier was the date on which the last payment would have been made if the award had not been commuted, or the same date on which the Aggregate Trust Fund made the last payment herein, which was November 9, 1942, less than three years prior to the reopening of the case. In reaching this conclusion the board applied the amendment to section 25-a (L. 1935, ch. 482) which provided that where a lump sum payment is made, the date of the last payment is fixed as the date when the last payment would have been made if there had been no commutation. Appellants argue that this amendment cannot be applied because it came into the statute in 1935, some three years after the date of the accident. It should be observed, however, that this was before the commuted award was made in 1936. In other words this provision of the statute was in force at the time the carrier made its application to have the award commuted, and we think, therefore, that this date controls and not the date of the accident.

To support their contention appellants cite two cases, *Matter of Tipton* v. *Lang's Bakery, Inc.* (250 App. Div. 696, affd. 275 N. Y. 572) and *Matter of Kiriloff* v. *A. G. W. Wet Wash Laundry* (293 N. Y. 222). In the *Tipton* case the lump sum payment was made in 1931, some four years prior to the amendment in question, and it was held there that the amendment

was not retroactive. In the *Kiriloff* case no lump sum payment was made at all, and periodical payments to claimant were not made because claimant had been unable to collect them from the employer and its insolvent insurance carrier. Under those circumstances it was found that the statutory language in section 25-a, "three years from the date of the last payment of compensation," could not be interpreted to mean three years from the date when compensation should have been paid. Clearly this construction has nothing to do with the 1935 amendment to section 25-a which provided "that where the case is disposed of by the payment of a lump sum the date of last payment for the purpose of this section shall be considered as the date to which the amount paid in the lump sum settlement would extend if the award had been made on the date the lump sum payment was approved at the maximum compensation rate the employee's earnings would warrant". The *Kiriloff* case did not deal at all with the statutory language just quoted, but only with fixing the date of a last payment where periodic payments had failed.

These cases therefore, in our view, are not decisive of the issues presented here. The only points of uncertainty, as we view them, are not covered by such cases. These points are: (1) Whether a commuted award under section 27 is a lump sum within the meaning of section 25-a; and (2) whether the 1935 amendment to section 25-a may be applied to awards commuted after the effective date of the amendment even though the accident may have happened before. We think that as to these matters the board has made a correct decision and that the award should be affirmed.

HEFFERNAN, BREWSTER and LAWRENCE, JJ., concur; HILL, P. J., concurs in the result.

Award affirmed, with costs to the Workmen's Compensation Board.