In the Matter of the Claim of PAUL SPAMINATO, Respondent, *v.* BAY TRANSPORTATION CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, July 1, 1969.

*Philip J. Caputo* (*Kenneth K. Floyd* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General* (*Henriette Frieder* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

*Lewis C. Leighton* for claimant-respondent.

GIBSON, P. J. Appeal is taken by an employer and its insurance carrier from a decision of the Workmen's Compensation Board which awarded benefits for permanent partial disability resulting from an accident of March 28, 1947; the period of the award appealed from being December 28, 1962 to January 7, 1966, during all of which time claimant was hospitalized for treatment of a mental illness unrelated to the accident.

The board rested its decision on *Matter of Papkoff* v. *Feldman* (26 A D 2d 140, affd. 19 N Y 2d 932), in which the award was for the period of the injured employee's confinement in a hospital for the mentally ill for a condition unrelated to the accident; and in which case we held that, "The fortuitous circumstance that a claimant who has sustained a permanent partial disability is subsequently hospitalized, for a long or a short period, or for different periods, should not inure to the benefit of the carrier while the physical and industrial disability and the loss of wage-earning capacity on which the award was bottomed still continue." (26 A D 2d 140, 141.) In the case before us, a Referee's decision of October 15, 1965, within the period of claimant's confinement for mental illness, had closed the case upon the finding that claimant's mental condition was unrelated to the accident. No appeal was taken from that decision. The case was later reopened and there followed the board decision now before us. Appellants' sole contention is that the 1965 decision of the Referee "holding that the claimant was not entitled to compensation for the period of his confinement for an unrelated mental condition was a final decision and constitutes the law of this case."

The respondent board's brief denies that the 1965 decision either presented or determined the supposed issue of claimant's nonentitlement to benefits, despite his physical disability, for such time as he was hospitalized for an unrelated mental condition; but argues alternatively that even if that issue was decided, the board's present decision now before us was authorized, nevertheless, in the exercise of the plenary powers conferred by sections 20, 123, 142 and 150 of the Workmen's Compensation Law.

Despite the unsatisfactory shortened record and agreed statement, it is reasonably clear from the notice of Referee's decision filed October 20, 1965 and from the board's order of restoral filed February 17, 1966, each of which is printed in full, that the basic issue determined by the 1965 decision was that of medical causation, and not that of legal nonentitlement under the theory later disapproved in *Papkoff* (*supra*); but even if that theory be considered a factor in the Referee's prior decision, the board had power to overrule it, nevertheless.

The board's broad jurisdiction includes the power, on its own motion or on application, to modify or rescind a Referee's decision (Workmen's Compensation Law, § 150, subd. [b]); and, more important, its "continuing" jurisdiction embraces the power of "modification or change with respect to former findings, awards, decisions or orders relating thereto, as in

its opinion may be just " (Workmen's Compensation Law, § 123). " It would be difficult to spell out plenary power over decisions in broader terms than these." (*Matter of Parella* v. *Harrod Steel Erection Co.*, 19 A D 2d 451, 453, mot. for lv. to app. den. 13 N Y 2d 600.) In *Matter of McMahon* v. *Gretzula* (267 N. Y. 573), upon which appellants mistakenly rely, the Court of Appeals answered in the affirmative the question whether the board had power to consider an application to reopen a claim in a case in which an award had been reversed and the claim dismissed on a previous appeal to the Court of Appeals. Contrary to appellants' contention, also, the board's broad power " includes the right so to modify a decision as to reach a different result upon the same record " (*Matter of McSweeney* v. *Hammerlund Mfg. Co.*, 275 App. Div. 447, 449, mot. for lv. to app. den. 301 N. Y. 815) ; and this without regard to the failure of the aggrieved party to take an appeal within the time limited therefor (*Matter of McSweeney* v *Hammerlund Mfg. Co.*, 275 App. Div. 447, 449, *supra*; *Matter of Leonescu* v. *Star Liq. Dealers*, 25 A D 2d 932, affd. 20 N Y 2d 956; *Matter of Clifford* v. *Larkin Rest.*, 31 A D 2d 866). Clearly in point is the decision in *Leonescu* (*supra*), which held that the board could reconsider a case erroneously closed by a Referee, even though claimant had failed to appeal from the Referee's decision. In *Matter of Stimburis* v. *Leviton Mfg. Co.* (5 N Y 2d 360) the time situation was far more aggravated than here, the reopening and redetermination approved on appeal having occurred more than 10 years after the erroneous closing.

In short, appellants' " law of the case " theory has never been held applicable to Workmen's Compensation Law decisions at the administrative level and, in view of the broad powers conferred by section 123, if for no other reason, could not be so applied. We find nothing to the contrary in *Matter of Anderson* v. *Johnson Lighterage Co.* (214 App. Div. 743, affd. 241 N. Y. 523) where the prior decision, holding basic jurisdiction lacking, was a judicial decision — that of the Appellate Division — and was successfully interposed as a bar to the reopening, after it had been sustained on other appellate levels as well (182 App. Div. 152, affd. 224 N. Y. 539, cert. den. 248 U. S. 574).

The decision should be affirmed, with costs to the Workmen's Compensation Board.

HERLIHY, REYNOLDS, STALEY, JR., and COOKE, JJ., concur.

Decision affirmed, with costs to the Workmen's Compensation Board.