■ In the Matter of the Claim of DOROTHY MONROE (BRADLEY), Respondent, v. TOWN OF BOLTON FIRE DISTRICT et al., Appellants; AGGREGATE TRUST FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board which denied their application for recomputation of payments made into the Aggregate Trust Fund. Payments of $43,249.11 were made to the Aggregate Trust Fund on June 23, 1967 on behalf of the decedent's widow and her then five children. Thereafter a sixth child was born on October 3, 1967, a third-party action commenced and settled on March 13, 1968, with evidence that the appellants knew and consented thereto, and decedent's widow remarried on October 18, 1968. Subsequently, decisions were made on February 18, 1969 and on May 8, 1969 allowing the posthumous child maximum recovery and a remarriage award of $2,815.71 implementing payment of the remarriage order, adjusting the scheduled weekly payments to all six surviving children and directing appellants to pay an additional $9,181.89 into the Aggregate Trust Fund for the benefit of the sixth child. This decision of May 8, 1969 was appealed to and affirmed by the board and is the subject to this appeal. Appellants urge a computation *de novo* on the facts in the instant case pursuant to subdivision 4 of section 27 of the Workmen's Compensation Law for the obvious reason that such a recomputation now would entitle appellants to a rebate of their previous payment made into the Aggregate Trust Fund based on the widow's life expectancy. We find no merit in appellants' arguments. Obviously, subdivision 2 of section 27 of the Workmen's Compensation Law requiring that computation of present value be held in abeyance until termination of an action, cannot be interpreted to require such computations to await the commencement of an action whereas here the action did not commence until seven months after the original award of death benefits was made. To hold otherwise would render awards already made premature in light of litigation commenced well after they were made. The record shows that appellants knew of the " third-party action " and consented to its settlement so a claim that substantial rights were prejudiced will not lie. Similarly, we concur in the board's determination that the additional award to the sixth child is merely an award to another claimant and is not a modification envisioned in subdivision 4 of section 27 of the Workmen's Compensation Law. The effect of the second award was not to change or modify the rights of the beneficiaries of the first award, insofar as their rights to receive death benefits were concerned, but resulted in a mere change of the amounts payable to them. An " award " involves the fixing of liability not the setting of the amount of compensation (*Matter of Rilitz* v. *Blumenthal Bros.*, 11 A D 2d 547; *Matter of Pascucci* v. *Kennedy Constr. Co.*, 270 App. Div. 83). Accordingly, two awards are involved, one to the wife and five children and one to the posthumous child, and not a modification, and the decision of the board should, therefore, be affirmed. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Greenblott, Sweeney and Simons, JJ., concur.