■ In the Matter of the Claim of SUSAN P. McDOWELL, Respondent, v CORBIN LA VOY, Doing Business as EMPIRE BORING Co., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Respondent Workmen's Compensation Board moves to dismiss appeals of three alleged employers and their carriers. The board's decision overrules a referee's decision which held that a malpractice action against an attorney who failed to commence a timely wrongful death action was in fact a third-party action within the meaning of section 29 of the Workmen's Compensation Law, the settlement of which could be effected only with the consent of appellants. In reversing, the board held that the settlement was not a recovery in an action against a third party responsible for the injury suffered by the decedent. On this motion, the board argues that since there has not yet been an award, its decision on the settlement issue is nonfinal and, therefore, nonappealable at this time. We disagree. Although it has been our policy to discourage piecemeal review of the main issues in a compensation claim for the purpose of preventing purely dilatory appeals, that policy should not be applied in such a manner as to preclude, as in this case, the prompt review of threshold legal issues which may be dispositive of a claim against one or more parties. *(Matter of Krystofik v General Elec. Co.,* 54 AD2d 828.) Indeed, prompt judicial resolution of dispositive legal issues is expressly recognized by the provision of section 23 of the Workmen's Compensation Law which permits the board to certify a question of law to this court. Motion denied, without costs. Greenblott, J. P., Mahoney, Main, Larkin and Mikoll, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, ex rel. JOSE ABREU, Petitioner v SUPERINTENDENT OF THE GREEN HAVEN CORRECTIONAL FACILITY, Respondent.—Application, pursuant to CPLR 7002 (subd [b], par 2), for a writ of habeas corpus denied without prejudice to the commencement of a proceeding pursuant to CPLR article 78. Greenblott, J. P., Sweeney, Kane, Mahoney and Main, JJ., concur.