■ In the Matter of the Claim of SYLVIA M. CARPENTER, Respondent, v JIM'S DELICATESSEN, INC., et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed September 19, 1978. On March 7, 1970 claimant suffered a compensable injury to her left eye, and an award was made for a 100% schedule loss of the eye, 160 weeks totaling $11,337.14. Thereafter, an actuarial computation was made, establishing that as of February 5, 1971 the present value of the schedule award was $7,831.80, which the carrier was directed to pay into the Aggregate Trust Fund (ATF). The case was closed on December 14, 1970. A C-8 report filed on April 27, 1973 by the State Insurance Fund on behalf of the ATF indicated that the carrier had paid claimant $3,487.14 and $7,831.80 to the ATF, both payments representing the amount of the schedule award. On March 12, 1974 the board reopened the case and restored it to the referee's calendar for further consideration on the questions of disability and surgery. This action was based upon a medical report from claimant's doctor stating that further surgery on the left eye had been performed; that claimant was not working; and that it was unknown when she would return to work. The referee authorized further surgery, made additional awards to claimant for periods of total disability from January 31, 1974 to October 18, 1974 and directed the carrier to pay the additional awards without prejudice, pending resolution of the dispute between the carrier and the ATF as to liability for the additional awards. The referee subsequently ruled that the carrier was entitled to reimbursement from the ATF. The board, however, reversed, and found that: "the carrier's payment of the value of the schedule award into the Aggregate Trust Fund included only the balance of payment due to claimant at that time and the carrier is not released from liability *(Pascucci v Kennedy Construction Co.,* 270 [App Div] 83)." Upon this appeal, appellants contend that the board erred as a matter of law by finding that they were not released from liability for further compensation after payment into the ATF. They rely upon subdivision 3 of section 27 of the Workers' Compensation Law which provides that the employer or carrier, upon payment into the ATF of an amount equal to the present value of all unpaid compensation, "shall be discharged from any further liability for payment of such * * * compensation, and payment of the same * * * shall be assumed by the fund". We do not agree with appellants' contention. In *Matter of Pascucci v Kennedy Constr. Co.* (270 App Div 83, 86), this court affirmed the board's interpretation that the release of liability as provided in section 27 extends "only to liability covered by the original award and the matters therein concluded". The court went on to explain that if a new claim is made concerning a condition not covered by the original award, any new award is properly made against the carrier. In the case at bar, the additional awards were made on the basis that after the case was closed, claimant sustained further disability and required additional surgery. Thus, the additional awards were not covered by the original award *(Matter of Pascucci v Kennedy Constr. Co., supra),* and the board properly found that the liability for the additional claim rested with the carrier, since the payment by the carrier into the ATF released it from liability only as to that amount paid in. Decision affirmed, with costs to the Aggregrate Trust Fund against the employer and its insurance carrier. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.