## (NOVEMBER 14, 1980)

■ In the Matter of DONALD LONG, SR., Respondent, v OVERHEAD DOOR CO. OF NEW YORK et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Motion by respondent Workers' Compensation Board to dismiss appeal from board decision filed April 25, 1980. The papers indicate that by decision dated November 8, 1978 the referee dismissed the instant claim for contact dermatitis on the ground it had not been timely filed pursuant to section 28 of the Workers' Compensation Law. Claimant, who was represented by counsel, did not seek board review of this determination. Thereafter, by letter dated July 16, 1979, claimant's new attorney applied to the board for "re-opening and reconsideration" of the case on the ground claimant was unaware that his former attorney had failed to apply for review of the referee's determination dismissing the claim. Following a hearing, the board rendered a decision dated April 25, 1980 which rescinded the referee's determination "without prejudice" and directed that the case be "reopened and restored to the trial calendar for further development on the issue of claim filing under section 28 of the Workers' Compensation Law and causally related disability * * * Workers' Compensation Law Judge to decide on the completed record." The employer and its carrier have appealed this decision and the board now moves to dismiss the appeal on the ground the decision is nonfinal and thus not appealable as a matter of law. Appellants oppose the motion contending that the board's action was error since claimant failed to seek board review of the referee's determination within the 30-day period prescribed by section 23 of the Workers' Compensation Law. It is therefore submitted by appellants that a "threshold legal issue" is presented for review by this court pursuant to our holding in *Matter of McDowell v La Voy* (59 AD2d 995). The board's motion should be granted and the appeal dismissed since appellant's proposed ground for review is without merit. Claimant's July 16, 1979 application to the board was not an "application for review" under section 23 of the statute but rather an explicit request for "re-opening and reconsideration" of the referee's November 8, 1978 decision dismissing the claim. It is well established that the board has broad continuing jurisdiction over claims and that its plenary power to reopen may be exercised even where the aggrieved party has failed to seek review within the time limit specified by section 23 of the Workers' Compensation Law (see Workers' Compensation Law § 123; 12 NYCRR 300.14; *Matter of Spaminato v Bay Transp. Corp.*, 32 AD2d 345, 347; *Matter of Clifford v Larkin Rest.*, 31 AD2d 866, 867). Accordingly, appellants' reliance on section 23 of the statute is misplaced and no valid threshold legal issue, within the meaning of *Matter of McDowell (supra),* is presented. Appeal dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Main and Mikoll, JJ., concur.