■ In the Matter of the Claim of BARTOLO DE PASQUALE, Appellant, v GENERAL ELECTRIC COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal by the claimant from a decision of the Workers' Compensation Board, filed April 24, 1980, which denied claimant's application to reopen the claim. Because of work-related back and neck injuries incurred in 1948, the Workers' Compensation Board, in 1965, declared claimant permanently, totally disabled and his case was closed. In 1976, he submitted cardiac treatment bills to the compensation carrier for payment. Believing claimant's heart condition to be unconnected to his 1948 accident, the carrier refused to honor them. At claimant's request, the board reopened his case and restored it to the referee's calendar for consideration of the carrier's liability for those bills. Following a hearing, the referee, in a decision dated January 13,

1978, found "[n]o evidence this heart condition is causally related." The case was again closed. No appeal was taken. Thereafter, on three separate occasions commencing February 8, 1979, claimant sought to have the board reopen the case to enable him to show that causal relationship did exist. In each instance, including the application which is the subject of this appeal, the board, after noting that no appeal had been taken from the January 13, 1978 decision, declined to do so. The issue of causal relationship having been fully litigated and a timely appeal not having been taken, the board acted well within its authority in refusing to permit the matter to be relitigated (Workers' Compensation Law, § 23). While the board does indeed have broad power to reopen closed cases *(Matter of Spaminato v Bay Transp. Corp.,* 32 AD2d 345), the facts here did not obligate it to do so, for the board was at liberty to reject the medical opinion underlying claimant's application (see *Matter of Albrecht v Orange County Community Coll.,* 80 AD2d 926). Decision affirmed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.