■ In the Matter of the Claim of ANTONIO GIGLIO, Appellant, v FEHLHABER HORN CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 21, 1982. By the decision appealed from, respondent board denied claimant's application to reopen his two compensation cases. In each case, claimant, who was a 57-year-old male construction worker, sustained compensable back injuries. The first accident occurred on January 6, 1969; the second on October 31, 1974. Initially, both cases were closed by decisions filed July 6, 1977 upon a finding of total permanent disability with payment apportioned equally between the two carriers. Subsequently, medical examinations conducted by Dr. Phillip Foster and Dr. Ernest Mincy on behalf of Liberty Mutual, the carrier in claimant's second accident, resulted in a change in this apportionment in a decision, filed March 2, 1978, attributing 75% of claimant's condition to the first injury and 25% to the second, and the discharge of the Special Fund from liability. The decision of July 6, 1977 was otherwise affirmed, with the cases closed. This decision was not appealed by any party. Claimant's application to reopen, filed October 29, 1981, is based on a medical report of Dr. Teresi at the request of Liberty Mutual, dated April 8, 1981, in which it was concluded that claimant "has an overall marked permanent partial disability at this time due to both accidents" with a lump-sum settlement recommended by the doctor for therapeutic reasons. Claimant is apparently now receiving a retirement pension and Social Security benefits and, therefore, a lump-sum settlement based on a finding of permanent partial rather than permanent total disability would be to his financial advantage. Contrary to claimant's contention on this appeal, however, the degree of his disability was addressed in the July 6, 1977 decision by the board and found to be permanent total in nature. Significantly, claimant does not maintain that his physical condition has changed so as to alter this determination. Rather, he simply claims that the degree of his disability was not addressed and should be because of Dr. Teresi's report. If claimant were dissatisfied with the original finding of total permanent disability, he should have appealed the July 6, 1977 decision which so decided that issue. Presumably, from then until his application to reopen on October 29, 1981, he was content to receive the benefits from such a determination and cannot now complain because the board refused to reopen. Under subdivision 6 of section 5 of the Workers' Compensation Law, the board may reclassify a disability upon proof that there had been a change in condition or that the previous classification was erroneous and not in the

interest of justice. There has been no change in claimant's physical condition here, only in his financial situation. Nor can it be claimed that the previous classification of permanent total disability was erroneous when it was not appealed and no proof was then offered by claimant that his condition was in fact permanent partial. Additionally, claimant has failed to show that the determination was not in the interest of justice where a favorable decision would affect only his present financial condition. The reopening of a case lies within the discretion of the board and is not reviewable unless the denial thereof is arbitrary and capricious (*Matter of Pressler v Maner Mfg.,* 72 AD2d 629, app den 49 NY2d 1044). Although the board herein should not have based its refusal on the "law of the case" theory for claimant's failure to appeal its decision of July 6, 1977, that doctrine having no application to workers' compensation decisions at the administrative level (see, e.g., *Matter of Spaminato v Bay Transp. Corp.,* 32 AD2d 345, 347), for the reasons outlined above it cannot be said that such refusal was unreasonable or arbitrary or capricious. The decision should, therefore, be affirmed. Decision affirmed, without costs. Sweeney, J. P., Kane, Casey, Weiss and Levine, JJ., concur.