■ In the Matter of the Claim of JEAN KLEIN, Respondent, v HURD SALES COMPANY, INC., et al., Appellants, and AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. ■

In 1973 claimant filed a claim for death benefits under the Workers' Compensation Law on behalf of herself and four minor children following the death of her husband, Robert F. Klein. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) found that decedent's death was causally related to his employment and awarded death benefits to claimant and her children, including Tammy Joi Klein, born November 2, 1965. In a decision dated June 27, 1973, the WCLJ stated that the "testimony indicates that Tammy Joi Klein is a handicapped person", and he continued the case for "claimant to file a medical report covering said child's permanent physical disability".

The employer and its workers' compensation insurance carrier (hereinafter collectively referred to as appellants) appealed to the Workers' Compensation Board, contending that decedent's death was not causally related to his employment. The Board affirmed the decision and the award of the WCLJ and continued the case. Thereafter, the WCLJ made a final award of death benefits to claimant and her children and a request was made to the Aggregate Trust Fund (hereinafter ATF) for an actuarial computation of the award (see, Workers' Compensation Law § 27). The award was valued at $60,614.28 and the insurance carrier deposited this amount into ATF.

In 1984 claimant was notified by ATF that benefits for Tammy had been discontinued since she was now 18 years of age. Claimant applied to the Board to have the case reopened to determine Tammy's eligibility to receive additional compensation pursuant to Workers' Compensation Law § 16 as a handicapped dependent child. Following a hearing on the matter, a WCLJ found that Tammy was totally disabled and, therefore, entitled to continued compensation beyond the age of 18. The WCLJ also requested a new actuarial computation for a possible further deposit to the ATF regarding the dependency of Tammy. Upon receipt of this computation, the WCLJ directed the carrier to make an additional deposit of $27,309.17 into ATF. The Board affirmed these decisions of the WCLJ. This appeal ensued.

On appeal, appellants contend that the Board erred in finding the carrier liable for the additional compensation. In

support of this contention, appellants rely upon Workers' Compensation Law § 27 (3) which provides that, upon payment of a deposit into ATF in satisfaction of a death benefit award, the "employer or insurance carrier shall be discharged from any further liability for payment of such * * * compensation, and payment of the same * * * shall be assumed by the fund". However, as the statute and case law make clear, this discharge is not applicable where, as here, the original award has been modified by a subsequent determination that additional compensation is due (see, Workers' Compensation Law § 27 [4]; Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 27 [1988 Pocket Part], at 216; see also, Matter of Carpenter v Jim's Delicatessen, 72 AD2d 643, lv denied 48 NY2d 611). There is evidence in the record indicating that the actuarial computation for the original award did not account for Tammy's disability; hence, appellants' liability for such continuing compensation was not discharged by the deposit made pursuant to the original award (see, supra).

Furthermore, we reject appellants' contention that ATF is guilty of laches for failing to pursue a determination of the full extent of Tammy's right to compensation at the time of the original hearing. In our view, there is no basis for finding such an affirmative obligation on the part of ATF. Moreover, the record clearly demonstrates that appellants also had knowledge of the child's disability dating back to the original hearing and had the opportunity to pursue a determination of the extent of her disability.

Appellants also contend that the Board erroneously made a finding of only total disablement, and not permanent and total disablement as required by Workers' Compensation Law § 16. The Board's decision, however, refers to a report of Dr. Felipe Alperovich which characterized the child's condition as permanent, resulting from removal of a tumor from her spine during infancy, affecting the use of her lower extremities and resulting in incontinence. Although the Board did not specifically state that it found Tammy to be totally and permanently disabled, a fair reading of the decision evidences that the Board recognized the permanent nature of Tammy's disability, which in any event appears to be self-evident. Hence, we are unable to agree with appellants that the Board's findings are insufficient to sustain the determination.

Finally, appellants may not now challenge the finding that Tammy is permanently and totally disabled since they failed

to raise this issue before the Board *(see, Matter of Middleton v Coxsackie Correctional Facility,* 38 NY2d 130, 132-133).

Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Kane, Casey, Levine and Mercure, JJ., concur.