■ In the Matter of the Claim of GEORGIA BEATY, Respondent, v DANIEL CHARRON et al., Appellants, and AGGREGATE TRUST FUND et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent.—Mahoney, P. J. Appeal from a decision of the Workers' Compensation Board, filed January 5, 1989.

In 1961, claimant and her eight minor children were awarded workers' compensation death benefits following the work-related death of her husband, Albert J. Stone, on August 18, 1958. Among the children awarded benefits was Diane Stone, born December 7, 1957. The employer's workers' compensation insurance carrier made a deposit to the Aggregate Trust Fund (hereinafter the Fund) (Workers' Compensation Law § 27) and payments were made to the beneficiaries. In 1975, payments to Diane stopped as she turned 18 years of age. It appears that Diane is permanently and totally mentally and physically disabled and has been a resident in a State facility since she was four years old. The State sought to determine why the payments ended and, in 1983, the Fund sought to reopen the case for additional deposits to provide benefits for Diane as a handicapped dependent child (see, Workers' Compensation Law § 16). Following various hearings, at which Diane's total and permanent disability was stipulated, a Workers' Compensation Law Judge found Diane to be a dependent of decedent. On appeal, the Workers' Compensation Board determined that the carrier was not liable for further payments to the Fund. The Board then rescinded its decision and granted full Board review. On full review, the Board, relying on our decision in *Matter of Klein v Hurd Sales Co.* (140 AD2d 745), determined that the carrier was not discharged from liability to the Fund and ordered the carrier to make an additional deposit to the Fund following an actuarial computation. This appeal ensued.*

The employer and its carrier argue that the Board erred in holding the carrier liable for additional deposits to the Fund. Their contention that they are discharged from further liability under Workers' Compensation Law § 27 (3) was rejected in *Matter of Klein v Hurd Sales Co. (supra,* at 746), where we held that "this discharge is not applicable where, as here, the original award has been modified by a subsequent determina-

---

* The Board made determinations concerning William Stone, another of decedent's children. Since this appeal does not involve these determinations, we have omitted the facts pertaining to William.

tion that additional compensation is due". There can be no question that the Board's determination that Diane is entitled to additional compensation is precisely the type of modification we spoke of in *Klein*.

The carrier's attempt to avoid liability by pointing to the Fund's knowledge of Diane's condition for some 21 years before it sought to reopen the case is without merit. In *Matter of Klein v Hurd Sales Co. (supra)*, we rejected an analogous claim of laches concluding that the Fund has no affirmative obligation to determine the full extent of a beneficiary's right to benefits at the time of the original hearing. Moreover, it appears that at least one notice of decision, issued in 1962, indicated that Diane's benefits should be sent to the State facility where she was located and included a reference to the employer so that the employer and its carrier might very well have been on notice since that time of Diane's condition.

We further agree with the Board's conclusion that there is no basis upon which to impose liability on the Special Fund for Reopened Cases under Workers' Compensation Law § 25-a. We note that the record is sparse because the respective parties destroyed their files due to the age of this case. Nonetheless, we cannot say that the employer and its carrier are prejudiced by our determination, especially considering that they have had the use of the additional funds for almost 30 years.

Decision affirmed, with one bill of costs to respondents filing briefs. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.