■ In the Matter of the Claim of WILLIAM H. LADLEY, Respondent, v AKZO SALT, INC., et al., Appellants. AGGREGATE TRUST FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [704 NYS2d 342] —Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed September 16, 1998, which, *inter alia*, ruled that the payment of death benefits to claimant's children beyond the age of 18 is the responsibility of the employer's workers' compensation insurance carrier.

Claimant died as the result of a 1990 industrial accident. Workers' compensation death benefits of $340 per week were awarded and apportioned among claimant's widow and his two dependent children. The case was closed and a Workers' Compensation Law Judge (hereinafter WCLJ) decision filed February 8, 1992 established the present value of the remainder of the award at $221,412.05 as of May 19, 1992 for payment into the Aggregate Trust Fund (hereinafter the Fund) pursuant to Workers' Compensation Law § 27. The February 1992 WCLJ decision specifically recited that: "The above present value does not include any benefits for the children after the age of 18. Therefore, if benefits are due for the children after the age of 18, the carrier and not the [Fund] will be liable." No appeal was taken from that decision or any part of it.

The case was thereafter reopened as a result of the widow's remarriage and a dispute as to continuing liability for payment of death benefits to the children. By decision filed September

16, 1998, the Workers' Compensation Board continued the children's payments due to their status as full-time students at an accredited educational institution. Further, and at the heart of the present controversy, upon its review of the entire record and the "plain language" of Workers' Compensation Law § 27 and relying upon our prior decisions in *Matter of Klein v Hurd Sales Co.* (140 AD2d 745) and *Matter of Beaty v Charron* (160 AD2d 1209), the Board concluded that the carrier and not the Fund was liable for the additional awards. The employer and carrier (hereinafter collectively referred to as the carrier) appeal.

We conclude that the Board's reliance upon *Matter of Klein v Hurd Sales Co. (supra)* and *Matter of Beaty v Charron (supra)* and the Fund's further reliance upon this Court's decision in *Matter of Carpenter v Jim's Delicatessen* (72 AD2d 643, *lv denied* 48 NY2d 611) as authority for imposing liability for the additional awards upon the carrier is misplaced. We accordingly reverse.

As cogently asserted by the carrier, each of the cases relied upon by the Board and the Fund involved an upward adjustment of the deposit initially paid into the Fund based upon events taking place or circumstances discovered at a subsequent time and which, if known at the time of the original calculation, would have resulted in the increased deposit. In *Matter of Klein v Hurd Sales Co. (supra)* and *Matter of Beaty v Charron (supra)*, the original calculation did not account for the fact that a dependent child (with a life expectancy greater than that of the widow) was permanently disabled and would be entitled to benefits for the remainder of her life. In *Matter of Carpenter v Jim's Delicatessen (supra)*, a new award was made because the claimant sustained further disability and required additional surgery. In contrast, in this case the carrier has demonstrated that because the total weekly award of $340 was to be apportioned among the widow and the dependent children, the deposit to be paid into the Fund would be the same regardless of whether the children were to attend college beyond age 18. Notably, the Fund offers no contrary analysis but rests its position solely on the previously quoted (and apparently erroneous) language of the February 8, 1992 WCLJ decision. Under the circumstances, we conclude that the Fund, and not the carrier, is responsible for the payment of the additional benefits to the children.

As a final matter, we reject the contention that, by failing to appeal the February 8, 1992 WCLJ decision (which first enunciated the legal conclusion that is presently under attack), the

carrier is somehow barred from contesting the Board's decision. Although the Board would have been justified in refusing to reopen the case (*see, e.g., Matter of Giglio v Fehlhaber Horn Corp.*, 97 AD2d 564; *Matter of De Pasquale v General Elec. Co.*, 84 AD2d 627), having exercised its broad jurisdiction under Workers' Compensation Law § 123 and rendered its own determination on the issue of liability for payment of continuing benefits to the children, the Board's decision is subject to appeal (*see, Matter of Ronda v Edenwald Contr.*, 216 AD2d 741; *Matter of Spaminato v Bay Transp. Corp.*, 32 AD2d 345).

Cardona, P. J., Crew III, Peters and Mugglin, JJ., concur. Ordered that the decision is reversed, on the law, with costs against the Aggregate Trust Fund, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.