■ In the Matter of the Claim of FRANK ROMANO, Appellant, v NEW YORK CITY DEPARTMENT OF CORRECTIONS, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [758 NYS2d 847] —Appeals (1) from a decision of the Workers' Compensation Board, filed November 3, 2000, which ruled, inter alia, that claimant's case was properly adjourned for further testimony, (2) from a decision of said Board, filed November 13, 2000, which ruled that claimant did not require home health care services, and (3) from a decision of a Workers' Compensation Law Judge, filed July 23, 2001, which ruled that all issues had been resolved on prior findings and awards.

Claimant was declared totally permanently disabled as the result of a 1978 work-related back injury. As relevant herein, claimant's home health care services were discontinued in 1997 after the Workers' Compensation Board determined that he no longer required that care. In June 2000, a Workers' Compensa-

tion Law Judge (hereinafter WCLJ) considered claimant's request for reinstatement of those services and determined that claimant's medical evidence did not support the claim. The WCLJ later adjourned a hearing regarding claimant's alleged need for an electric bed and whirlpool tub in order to afford the employer an opportunity to cross-examine claimant's medical experts. Upon review, the Board separately affirmed both WCLJ determinations. Thereafter, in a July 23, 2001 decision, a WCLJ determined that all issues had been resolved and no further action by the Board was contemplated.

Initially, we are unpersuaded by claimant's contention that the Board erred when it rejected the opinions of his medical experts regarding his need for home health care services. "[T]he Board is the ultimate judge of witness credibility and is free to reject all or any portion of the medical evidence offered" (*Matter of Mitchell v New York City Tr. Auth.*, 244 AD2d 723, 723 [1997], *lv denied* 91 NY2d 809 [1998]; *see Matter of Chadha v J.B. Lippincott Co.*, 300 AD2d 923, 926 [2002]). On this record, we see no reason to disturb the Board's determination rejecting this medical evidence.

Turning to claimant's apparent challenge to the adjournment of the hearing on the issue of his need for additional medical equipment, we find no error. Notably, the Board's rules require a WCLJ to grant an adjournment "[w]hen the employer or its carrier * * * desires to produce for cross-examination an attending physician whose report is on file" (12 NYCRR 300.10 [c]; *see Matter of Pistone v Sam's Club*, 295 AD2d 875, 875 [2002]). Since the employer requested such an opportunity, the WCLJ properly adjourned the hearing.

Finally, claimant failed to seek Board review of the July 23, 2001 WCLJ decision as required by Workers' Compensation Law § 23 and, thus, the appeal from said decision of the WCLJ must be dismissed (*see Matter of Long v Overhead Door Co.*, 78 AD2d 938 [1980]; *Matter of Dingman v General Fibre Box Co.*, 35 AD2d 682 [1970]; *see also Matter of Lehsten v NACM-Upstate NY*, 93 NY2d 368, 372 [1999]).

The remaining arguments raised by claimant have been examined and found to be unpersuasive or not properly before this Court.

Cardona, P.J., Mercure, Peters, Carpinello and Rose, JJ., concur. Ordered that the decisions filed November 3, 2000 and November 13, 2000 are affirmed, without costs. Ordered that the appeal from the decision filed July 23, 2001 is dismissed, without costs.