■ In the Matter of the Claim of MARGARET BELFIORE, Appellant, v UNIVERSITY OF ROCHESTER et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [785 NYS2d 722]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed March 4, 2002, as amended by decision filed April 19, 2002, which ruled, inter alia, that claimant did not sustain a further casually related injury.

In 1982, while employed at the University of Rochester, claimant developed swelling and pain in her right wrist. She filed a workers' compensation claim and the case was established for de Quervain's disease of the right arm and tenosynovitis of the left wrist. In 1999, while employed at IMPCO, claimant filed a second workers' compensation claim. Her claim was established for bilateral carpal tunnel syndrome and was apportioned between her two injuries. In September 2000, claimant injured her thumb while taking a typing test as part of a job interview and was diagnosed as having a right trigger thumb. She subsequently sought to include the injury in her previous workers' compensation cases. In a reserved decision filed October 17, 2001, a Workers' Compensation Law Judge (hereinafter WCLJ) found that claimant's trigger thumb was not casually related to either of her previous occupational injuries and, therefore, limited awards to an increase in the schedule loss of use award

for her carpal tunnel injury. By decision filed March 4, 2002 and amended decision filed April 19, 2002, the Workers' Compensation Board affirmed the WCLJ's decision. Claimant's request for reconsideration and/or full Board review of the Board's decision was denied on December 12, 2002, and this appeal ensued.

Initially, we note that claimant's notice of appeal filed April 24, 2003 is inaccurate inasmuch as it indicates that claimant is appealing from a Board decision filed April 18, 2003. The Board affirmed the WCLJ's determination by decision filed March 4, 2002 and by amended decision filed April 19, 2002, and claimant's application for reconsideration and/or full Board review was denied by decision filed December 12, 2002. Although we have the discretion to treat as valid a notice of appeal which inaccurately describes the decision being appealed (*see* CPLR 5520 [c]), claimant's appeal in this matter is still untimely (*see* Workers' Compensation Law § 23). The record indicates that claimant had notice of the Board's underlying decision no later than April 19, 2002, and claimant had 30 days from that date to file a notice of appeal from that decision (*see* Workers' Compensation Law § 23; *Matter of Flynn v Managed Care,* 302 AD2d 696, 697 [2003]). Claimant filed her notice of appeal on April 24, 2003, more than a year after the Board's decision.

Turning to the December 12, 2002 decision, the record indicates that claimant had notice of that decision no later than January 7, 2003, and claimant had 30 days from that date to file a notice of appeal. Even if we were to assume that claimant was appealing from that decision, her appeal must be dismissed as untimely (*see Matter of Dukes v Capitol Formation,* 213 AD2d 756, 756 [1995], *lvs dismissed* 86 NY2d 810 [1995], 87 NY2d 891 [1995]).

Crew III, J.P., Peters, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, as untimely, without costs.