■ In the Matter of the Claim of THOMAS McHUGH, Claimant, v DAILY FREEMAN et al., Respondents, and SPECIAL DISABILITY FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [877 NYS2d 732]—

Malone Jr., J. Appeals (1) from a decision of the Workers' Compensation Board, filed October 5, 2006, which ruled that the employer's workers' compensation carrier may be entitled to future reimbursement from the Special Disability Fund pursuant to Workers' Compensation Law § 14 (6) and § 15 (8) (*l*), and (2) from a decision of a Workers' Compensation Law Judge, filed January 26, 2007, which, among other things, directed the parties to submit further medical evidence.

In 2000, claimant suffered work-related injuries and began receiving workers' compensation benefits. Claimant had a second job at the time of his injury and his benefits were increased as a result. In 2004, the employer's workers' compensation carrier sought reimbursement for those additional benefits from the Special Disability Fund (*see* Workers' Compensation Law § 14 [6]; § 15 [8] [*l*]). A Workers' Compensation Law Judge (hereinafter WCLJ) denied that application, noting that the carrier had failed to file a necessary form with the Workers' Compensation Board prior to requesting reimbursement. The carrier appealed that decision and filed the required form. In a decision filed October 5, 2006, the Board affirmed the WCLJ's decision, but noted that the carrier would be entitled to reimbursement on any subsequent concurrent award given the belated filing of the form. The Special Disability Fund appeals from that decision as well as from a WCLJ's decision filed on January 26, 2007.

The appeals must be dismissed. The Special Disability Fund's notice of appeal was not filed until February 26, 2007. The notice of appeal incorrectly lists the date the Board's decision was filed as December 5, 2006, instead of October 5, 2006. This, by itself, is not a fatal defect (*see Matter of Belfiore v University of Rochester*, 13 AD3d 739, 740 [2004]). However, given the absence of any indication that the Special Disability Fund failed to file its appeal from the Board's October 5, 2006 decision within 30 days thereof due to a lack of appropriate notice, its appeal is untimely (*see* Workers' Compensation Law § 23; *Matter of Stabak v ISS Intl.*, 248 AD2d 814, 814 [1998], *lv dismissed and denied* 92 NY2d 891 [1998]). As for its appeal from the WCLJ's January 26, 2007 decision, the Special Disability Fund failed to seek Board review of that decision and the appeal therefrom must also be dismissed (*see Matter of Romano v New York City Dept. of Corrections*, 305 AD2d 872, 873 [2003], *lv dismissed* 1 NY3d 544 [2003]; *Matter of Dingman v General Fibre Box Co.*, 35 AD2d 682 [1970]). Accordingly, we need not reach the merits of the Special Disability Fund's underlying claims.

Mercure, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the appeals are dismissed, without costs.